UNITED STATES, Appellee,

v.

James M. DONNELLY, Airman First Class, U.S. Air Force, Appellant.

No. 40,149.
ACM 22668.

U. S. Court of Military Appeals.

May 10, 1982.

For Appellant: *Captain Douglas H. Kohrt* (argued); *Colonel George R. Stevens* (on brief).

For Appellee: *Captain Michael H. Hoover* (argued); *Colonel James P. Porter* (on brief); *Major Robert T. Mounts, First Lieutenant Vincent J. McGraw*, USAFR.

## Opinion of the Court

FLETCHER, Judge:

During the sentencing portion of appellant's general court-martial,[1] his defense counsel called a number of character witnesses. One such witness was appellant's immediate duty supervisor. He testified on direct examination concerning appellant's outstanding character. He also stated that appellant would be a good candidate for rehabilitation and should be retained in the Air Force despite the offenses for which he had been convicted. The witness' opinions were based upon his own observations and the reputation of appellant within his duty section.

On cross-examination, trial counsel attempted to impeach this witness' opinions by demonstrating a lack of association with appellant and, specifically, a lack of familiarity with his misconduct. As part of this cross-examination, the following colloquy occurred:

Q: Have you had occasion to review any of the evidence that supports the charges in this case?

A: No, sir, I haven't.

Q: You have not. Have you specifically had occasion to review a statement dated 15 March 1979, signed by Airman Donnelly?

A: No, sir.

Q: All right. Were you aware, before you came into court and made your recommendations, that he had been selling hashish since April of 1977?

DC: Objection, your Honor. Objection. I would ask for a recess.

TC: What are the grounds for the recess, your honor?

MJ: I would certainly like to know.

DC: I object to the use of that statement at this time, your honor, and I would ask for a recess. Perhaps there's fur-

ther evidence that needs to come in at this point.

MJ: Overruled.

TC: Let me ask the question to you again. Were you aware in that statement that he made that he said that he had been selling hashish since April of 1977?

WIT: No, sir. Did he say that to me?

Q: No. In that statement. Were you aware, at any time, of that fact?

A: No, sir.

Q: Were you ever aware of the fact that he was dealing in quantities of kilos of hashish?

A: No, sir. If I may say something, if I can. Airman Donnelly didn't want to necessarily talk about the problem, or talk about the charges that were on him. When I found out that he was pending court-martial, it had been almost forty days—thirty days or so; and I had no idea that he was under—

Q: He never talked about those things?

A: No, sir. And when I found out that he was pending court-martial, I tried, you know, to find out, "Well, what did you do?" But he never did, to me, you know, put out what he did. He said, "I made a big mistake and I got caught." And that was it, sir. I took it as that.

Q: If you ever became aware of those facts, would that change your opinion, in any way?

A: No, sir. My opinion of Airman Donnelly, as a worker and as a person, remains the same. Like I said, he made a mistake. And I felt that if someone would have taken the time to try to understand one of his better workers, then maybe if he had a problem developing, then it could have been nipped in the bud.

TC: No further questions.

1. Appellant was tried by a general court-martial before a military judge sitting alone. He was charged with using, selling, and possessing hashish, and possessing cocaine, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. Pursuant to his pleas, he was found guilty of all charges. The sentence included a bad-conduct discharge, confinement at hard labor for 15 months and reduction to the lowest enlisted grade. This was approved and affirmed.

Appellant asserts that it was prejudicial error to permit the Government to attempt to impeach his witness' testimony in this manner. He notes that this pretrial statement was never offered or admitted in evidence at any time during his court-martial. Furthermore, he points out that although the Government referred to this statement in its cross-examination, it did not establish at any time that the statement was taken in accordance with Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831. *See* paras. 140*a*(2) and 153*b*(2)(c), Manual for Courts-Martial, United States, 1969 (Revised edition). Appellant also asserts that this method of cross-examination unfairly permitted the Government to parade inadmissible evidence of his past misconduct before his court-martial prior to sentencing. *See United States v. Boles*, 11 M.J. 195 (C.M.A.1981).

■ In addressing these legal claims, review of which we granted (10 M.J. 392), we initially note that the defense witness' testimony on direct examination was properly admitted by the military judge. *See* Article 36, UCMJ, 10 U.S.C. § 836. It was opinion testimony (*see* para. 138*e*, Manual, *supra*), concerning appellant's character (para. 138*f*, Manual, *supra*), and his chances for rehabilitation and future successful military service. *See* Moyer, *Justice and the Military* § 2–658 (1972). This testimony was relevant to the issue of what sentence was appropriate for appellant. *See* para. 75 *c*(4), Manual, *supra*. In addition, we note that the Government has the right to cross-examine this witness on his opinion testimony. Para. 75*e*, Manual, *supra*. In particular, trial counsel may question the witness concerning his basis in fact for his opinions. Para. 149*b*, Manual, *supra; see United*

States v. Robbins, 16 U.S.C.M.A. 474, 478, 37 C.M.R. 94, 98 (1966).

■ Within this sentencing context, we must first decide whether the challenged questions of government counsel were within the permissible scope of cross-examination. The answer largely depends on the discretion of the trial judge and the purpose for which the questions were asked by the Government. *See* para. 149*b*, Manual, *supra.*

The military judge did not state his reason for permitting the Government to pursue the challenged line of inquiry. The questions on their face, however, make clear that the Government was attempting to undermine the factual basis for the witness' opinions, or in the alternative, to have the witness change his opinions in light of additional facts. Generally speaking, such questions concerning opinion testimony are proper (*see* para. 138*e*, Manual, *supra*), and no clear violation of para. 138*g*, Manual, *supra*, occurred.[2]

Moreover, we are not convinced in the present case that these particular questions were so remote as to be irrelevant to accomplishment of these purposes. *See* para. 149*b*(1), Manual, *supra.* The witness on direct examination testified that he based his opinions on his associations with appellant on duty since May 10, 1979. Trial counsel's question referred to incidents occurring prior to March 15, 1979, before that association even began. However, it is conceivable that the witness became aware of the earlier admission of appellant or the incidents themselves during his later association with appellant. Accordingly, they might have played some role in the formation of his opinion of the character of appel-

---

2. Paragraph 138*g*, Manual for Courts-Martial, United States, 1969 (Revised edition), states that evidence of other offenses or acts of misconduct is generally inadmissible to show the disposition of the accused to commit the offenses. It also states:

However, if evidence of other offenses or acts of misconduct of the accused has substantial value as tending to prove something other than a fact to be inferred from the

disposition of the accused or is offered in proper rebuttal of matters raised by the defense, the reason for excluding the evidence is not applicable. For instance, ...

\* \* \* \* \* \*

(7) When it tends to rebut any issue raised by the defense, unless its sole purpose ... is to rebut evidence of the accused's good character.

lant. The military judge did not abuse his discretion in permitting counsel to explore these matters under the circumstances of this case.

 The next question we must address is whether the Government may cross-examine a witness on his knowledge of appellant's prior acts of misconduct without introducing evidence of their existence. While the scope of cross-examination is broad, it is not so broad as to permit the Government to ask a groundless question for the purpose of creating unwarranted innuendo in the mind of the judge as to the reliability of the witness' testimony. *See Michelson v. United States*, 335 U.S. 469, 480–481, 69 S.Ct. 213, 220, 93 L.Ed. 168 (1948). Trial counsel, however, made clear in his question that his basis for the question was a statement signed by appellant on March 15, 1979. This was proper in a case tried by military judge alone.

An additional question in this case is whether the Government was required to show that Article 31 was complied with prior to using this statement to cross-examine the defense character witness. *See*

para. 140*a* (2), Manual, *supra*.[3] The mere fact that the statement itself was not introduced in evidence, but rather was used as a basis for cross-examination, does not necessarily resolve the question. *See* para. 153*b* (2)(c), Manual, *supra*.[4] Moreover, neither does the fact that the statement was used for a limited purpose resolve this question. *See* para. 140*a* (6), Manual, *supra*.[5] Finally, the decision of this Court in *United States v. Caiola*, 18 U.S.C.M.A. 336, 40 C.M.R. 48 (1969), is of little help because not only did defense counsel object to the use of the pretrial statement, but also the statement itself only contains admissions to prior criminal offenses. *See id.* at 340, 40 C.M.R. at 52 (Quinn, C. J., concurring in the result).

In any event,[6] this difficult question need not be decided in the present case. Even assuming that the military judge erred for this reason in allowing the Government to pursue this line of inquiry, what prejudice has appellant suffered? *See* Article 59(a), UCMJ, 10 U.S.C. § 859(a). Since the Government never introduced the purported pretrial admission of appellant that he sold drugs since April 1977, the military judge could not conclude from it that the

---

3. Paragraph 140*a* (2), Manual, *supra*, states:
 The admissibility of a confession or admission of the accused must be established by an affirmative showing that it was voluntary, unless the defense expressly consents to the omission of such a showing. If the statement of the accused was not *obtained* from him, but was made by him spontaneously, for example, without urging, interrogation, or request, it may be regarded as voluntary. However, when the statement was *obtained* from the accused, it may affirmatively be shown that it was voluntary by proof that its making was not induced by a threat, promise, or use of duress amounting to coercion, unlawful influence, or unlawful inducement and that any warnings required above as to the right to remain silent or to counsel were given. See the fourth paragraph of this subparagraph (140*a* (2)) as to the additional proof that is necessary in certain cases.

4. Paragraph 153*b* (2)(c), Manual, *supra* states in part:
 The fact that the inconsistent statement was made in the course of an investigation or at another trial does not cause evidence of the making of the statement to be inadmissible for the purpose of impeachment. How-

ever, an accused who has testified as a witness may not be cross-examined upon, or impeached by evidence of, any statement which was obtained from him in violation of Article 31 or any of the warning requirements in 140*a* (2) or through the use of coercion, unlawful influence, or unlawful inducement. See Article 31(d).

5. Paragraph 140*a* (6), Manual, *supra* states in part:
 A statement of the accused obtained from him in violation of Article 31 or any of the warning requirements in (2) above, or through the use of coercion, unlawful influence, or unlawful inducement is not admissible in evidence even if it is offered against him for some purpose other than to establish a confession or admission. See Article 31(d). For example, in a case in which a statement of the accused so obtained is charged as being false, it cannot be received in evidence to show that he made it.

6. The decision of this Court in *United States v. Mathews*, 6 M.J. 357 (C.M.A.1979), is not applicable to the present case.

witness' opinion was not sufficiently based as a matter of fact. *Cf. United States v. Girard*, 23 U.S.C.M.A. 263, 49 C.M.R. 438 (1975). Moreover, the witness' response as a matter of fact did not establish the existence of the purported pretrial admission of appellant or the occurrence of the uncharged misconduct. *Cf. United States v. Lincoln*, 17 U.S.C.M.A. 330, 332, 38 C.M.R. 128, 130 (1967). Finally, the witness testified that even if he had been aware of such an admission by the appellant, he would not change his previously given opinion testimony. Any prejudice under these circumstances is largely illusory. *See United States v. Garza*, 20 U.S.C.M.A. 536, 539, 43 C.M.R. 376, 379 (1971); *United States v. Johnson*, 12 U.S.C.M.A. 602, 604, 31 C.M.R. 188, 190 (1962); *United States v. Anderson*, 8 U.S.C.M.A. 603, 25 C.M.R. 107 (1958).

Finally, we must address the question whether this method of cross-examination was a mere subterfuge to parade otherwise inadmissible acts of uncharged misconduct before the court-martial for consideration during sentencing. *See* para. 75, Manual, *supra*. *See generally* para. 138*g*, Manual, *supra*. In other words, was this apparent attack on the witness' basis for his opinion a mere pretext employed by the Government to show appellant had a bad character and deserved a more severe punishment?

This hearing on sentence was before the military judge. *See United States v. Montgomery*, 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970). *Cf. United States v. Boles, supra* at 201. Moreover, the questions asked were at least marginally justified by the witness' testimony on direct examination and a legitimate reason existed for asking these questions in this manner. *See Michelson v. United States, supra*. Finally, government counsel made no further reference to these matters in his closing argument. *Cf. United States v. Boles, supra* at 200. Under such circumstances, we conclude no prejudicial error occurred.

The decision of the United States Air Force Court of Military Review is affirmed.

COOK, Judge (concurring):

I agree that a character witness may be cross-examined concerning his awareness of prior acts of misconduct by an accused. *Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); para. 149*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). *See generally* 2 Wharton's *Criminal Evidence* § 426 (13th ed. 1972). Thus it was proper for trial counsel to ask the witness, as he did: "Were you aware, before you came into court and made your recommendations, that he [Donnelly] had been selling hashish since April of 1977?"

That being so, it is inconsequential that trial counsel went on to inquire whether the witness was aware of a statement to that effect made by Donnelly. *See* Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a).

Nor was the impeachment objectionable on the grounds of uncharged misconduct, for, as the Supreme Court has said:

> The price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law has kept closed for his benefit and to make himself vulnerable where the law otherwise shields him.

*Michelson v. United States, supra* at 479, 69 S.Ct. at 220. The military judge has considerable discretion to establish the extent of cross-examination with respect to a legitimate subject of inquiry. Para. 149*b*, Manual, *supra*. In the instant case, he did not abuse that discretion.

EVERETT, Chief Judge (concurring in the result):

According to paragraph 138*f*(2) of the Manual for Courts-Martial, United States, 1969 (Revised edition), which was in effect at the time of appellant's trial:

> The prosecution may not, for the purpose of rebutting evidence of the accused's good character, introduce evidence of other specific offenses or acts of misconduct of the accused unless that evi-

dence is in rebuttal of evidence introduced by the defense that other offenses or acts of misconduct were not committed (see the second paragraph of 153*b*(2)(b)) or is admissible under 138*g*. *See also* 75*d*. In light of this provision, I doubt that the opinion evidence offered by appellant's witness in extenuation opened the door, so that otherwise inadmissible evidence of specific misdeeds by appellant could be received in evidence.

Under the guise of cross-examining the witness about the basis of his opinion, the trial counsel sought to bring to the military judge's attention acts of misconduct by appellant that probably were inadmissible in evidence. Thus, the military judge probably should have sustained the defense objection. However, as the majority opinion makes clear, there is no risk of prejudice to appellant. Therefore, I join in affirming the decision below.