The remaining assignment of error is without merit.

The findings of guilty and the sentence are affirmed.

Chief Judge HANSEN and Judge BADAMI concur.

**UNITED STATES, Appellee,**

v.

**Sergeant Dwight D. NIXON, SSN 587–90–2976, United States Army, Appellant.**

**CM 442669.**

U. S. Army Court of Military Review.

25 April 1983.

Charles W. Schiesser, Esquire, argued the cause for appellant. With him on the brief were Cecil R. Morrow, Esquire, Colonel William G. Eckhardt, JAGC, Major Robert C. Rhodes, JAGC, Major Patrick F. Crow, JAGC, and Captain John D. Martin, JAGC.

Captain Leonard L. Lucey, JAGC, argued the cause for appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain Thomas E. Booth, JAGC.

Before O'DONNELL, McKAY and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Appellant was charged with an unauthorized absence and with forcible sodomy in violation of Articles 86 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 925 (1976), to which he pleaded guilty and not guilty, respectively. The providency of appellant's plea to the unauthorized absence was established during a thorough *Care*[1] inquiry after which the military judge entered a finding of guilty to that offense.

Appellant requested a court-martial composed of officers for the trial of the sodomy charge and to sentence him. After the court members were assembled and sworn, the military judge gave preliminary instructions and asked the assistant trial counsel to state the nature of the charges. Accordingly, the court members were informed that "[t]he general nature of the charges in this case are [sic] that [appellant] did commit sodomy by force and without the consent of" the victim and "that [appellant] was absent without leave for more than 30 days." After voir dire of the members by counsel, the military judge advised the resulting panel as follows:

> Members of the court, at an earlier session the accused was arraigned and entered pleas of not guilty to the Specification of the Charge and the Charge and entered a plea of guilty to the Specification of the Additional Charge and of [sic] the Additional Charge.

> The courts [sic] advised that findings by court members will not be required as to the Specification of the Additional Charge, as the accused has already been found guilty of that offense.

Appellant now contends that it was error to inform the court members of the Additional Charge and of the fact that appellant earlier had pleaded and been found guilty of that charge. We disagree.

The President has prescribed rules for the conduct of courts-martial pursuant to Article 36, UCMJ, 10 U.S.C. § 836. *See* Manual for Courts-Martial, United States, 1969 (Revised edition) (hereafter Manual). The procedure followed by the military judge in this case is consistent with those contemplated by the President, and authorized by the Secretary of the Army, for the acceptance of guilty pleas and the entry of findings of guilt. Article 45, UCMJ, 10 U.S.C. § 845; paragraphs 65*a*, 39*b*, 53*d* (1) and 70*b*, and Appendix 8*b*, Manual; paragraphs 2–18 and 2–19, Department of the Army Regulation 27–10, Military Justice (November 1968).[2] *See* paragraph 3–3, Department of the Army Pamphlet No. 27–9, Military Judge's Guide (May 1969).[3] We hold the information was therefore properly before the court. Furthermore, because of the dissimilarity of the two offenses, we find no possibility that the court members were improperly influenced in their fact finding on the sodomy offense. *See United States v. Caszatt,* 11 U.S.C.M.A. 705, 29 C.M.R. 521 (1960); *United States v. Tobias,* 46 C.M.R. 590 (A.C.M.R.1972); *see also United States v. Vasquez,* 9 M.J. 517 (A.F.C.M.R.1980).

While we find no error in this case, we believe that the practice of informing court members of the existence of a charged offense, and of a guilty plea and a finding of guilty thereon prior to presentation of evidence on another charge to which an accused has pleaded not guilty is an anachronism. We urge military judges to discontinue the practice in courts-martial.[4] Whereas formerly court members were required to vote on a finding of a charge to which an accused had entered a plea of

---

1. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

2. These provisions reappear in the current version of Department of the Army Regulation 27–10, Military Justice (1 September 1982) at paragraph 5–22 and 5–23.

3. The Military Judge's Guide was in effect on the date of trial, 25 March 1982.

4. We note that this practice illadvisedly continues to be recommended in paragraph 2–25, Department of the Army Pamphlet No. 27–9, Military Judge's Benchbook (May 1982).

guilty, this is no longer true.[5] No useful purpose is served by the continuation of such practice which merely provides a fertile area for assertion of error on appeal. The better course for a trial judge faced with pleas of both guilty and not guilty would be to delay informing the members of the guilty plea and finding until the sentencing portion when such knowledge is necessary to perform the sentencing function.

Appellant also asserts that the trial judge committed reversible error in allowing a particular line of cross-examination of a defense witness. We disagree.

The witness testified regarding appellant's character traits of peacefulness and truthfulness. After establishing that the witness belonged to the same unit as the accused, that he had known the accused for six months, and that the witness had supervised the accused in his work, defense counsel solicited good character evidence as follows:

Q: Have you formed a general—do you have a general opinion—excuse me—have you formed an opinion as to his general reputation in the military community to which you both belong for peacefulness?

A: Yes, sir.

.     .     .     .     .

Sir, Sergeant Nixon has been an outstanding individual. He's worked for me . . .

Q: I'm sorry. I just want to know whether he's a peaceful guy.

A: Yes, sir, he's peaceful and loyal, quiet.

Q: Have you formed an opinion as to his general reputation for truth and veracity in the military community to which you both belong?

A: Yes, I have, sir.

Q: And what is that?

A: Could you repeat the question?

Q: Have you formed an opinion as to his general reputation for truth and veracity?

A: Yes, sir.

Q: What is that?

A: That he's truthful and forthcoming and . . .

Q: Would you believe him under oath?

A: Yes, sir, I would.

The assistant trial counsel then cross-examined the witness, without defense objection, as follows:

Q: Are you aware that the accused has pled guilty to a 30 day AWOL?

A: Yes, sir.

Q: Does that change your estimation of your opinion of his truthfulness?

A: No, sir, not at all.

Q: Does it change your opinion of him at all?

A: No, sir.

Appellant argued for the first time on appeal that the trial judge erred in allowing the assistant trial counsel to ask the witness whether he was aware that the accused had pleaded guilty to a thirty day AWOL. He now contends that a guilty plea may not be used for this purpose.

A witness testifying to the character trait of an accused may be impeached by inquiry into relevant specific instances of conduct of the accused. Mil.R.Evid. 405(a). *See* Saltzburg, Shinasi & Schleuter, *Military Rules of Evidence Manual,* 189 (1981). *See also United States v. Donnelly,* 13 M.J. 79 (C.M.A.1982). The purpose of such cross-examination of an opinion witness or a reputation witness is, in the case of the former, to undermine the factual basis for the witness' opinion, *Id., supra* at 81, and, in the case of the latter, to test the witness' familiarity with the accused's reputation in the community, *United States v. Hewitt,* 663 F.2d 1381, 1390–91 (11th Cir.1981). This court must focus not on the nature of the conduct inquired into, but its relevance to

---

**5.** Article 45, UCMJ, was amended by the Military Justice Act of 1968, P.L. 90–632, to "delete from military practice the merely ritualistic formality of requiring the assembled court to vote on findings" after acceptance of a guilty plea. S.Rep. No. 1601, 90th Cong.2d Sess., *reprinted in* 1968 U.S.Code Cong. & Ad.News 4501, 4511–12.

the witness' impeachment. *Michelson v. United States,* 335 U.S. 469, 484, 69 S.Ct. 213, 222–223, 93 L.Ed. 168 (1948).

■ Despite efforts of defense counsel to elicit reputation testimony, the witness rendered his own opinions in response to the direct examination. Having opined that appellant was peaceful and truthful, the witness was subject to cross-examination as to his knowledge of any conduct of the accused which would have adversely impacted on his opinions. *Cf. United States v. Curtis,* 644 F.2d 263 (3d Cir.1981), *cert. denied,* —— U.S. ——, 103 S.Ct. 379, 74 L.Ed.2d 512 (1982). However, neither a plea of guilty nor an unauthorized absence has any tendency in reason to negate a trait of peacefulness nor one of honesty. A lack of knowledge of the plea to AWOL would not give rise to the inference that the witness' opinions were founded upon inadequate bases, nor could it reasonably be inferred from the witness' knowledge of the plea that his opinions were formulated on standards below the norm. *See, United States v. Hewitt, supra,* 663 F.2d at 1390–91. Because of its irrelevance to impeaching the witness' testimony on direct, the plea of guilty to AWOL was not a proper subject of inquiry on cross-examination.

■ While it was error to allow the assistant trial counsel to cross-examine the character witness with the plea of guilty to AWOL, appellant was not prejudiced thereby as the information was already properly before the court members. Moreover, rather than objecting at trial, appellant chose to inquire further into the witness's knowledge of the reasons for appellant's unauthorized absence in an attempt to show an innocent state of mind of appellant in relation to the forcible sodomy. Any error was affirmatively waived.

We have considered the other assigned errors and find they lack merit. The findings of guilty and the sentence are affirmed.

UNITED STATES, Appellee,