**UNITED STATES, Appellee,**

v.

**Specialist Four Hosea RODGERS, Jr., SSN 444–54–1628, United States Army, Appellant.**

**SPCM 20007.**

U.S. Army Court of Military Review.

30 May 1984.

Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Rita R. Carroll, JAGC, and Captain Karen Davis, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Andrew D. Stewart, JAGC, and Captain Charles S. Arberg, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and CO-HEN, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

Pursuant to his pleas of guilty appellant was convicted of possession (Specification 1 of the Charge) and distribution (Specification 2 of the Charge) of 5.21 grams of marijuana (hashish) at Mannheim, Federal Republic of Germany, at 2015, 21 June 1983. The trial judge sentenced appellant to a bad-conduct discharge, confinement at hard labor for 75 days and reduction to Private E–1. The convening authority approved the sentence as adjudged.

Appellant contends that the trial judge erred by failing to dismiss the possession specification after findings and by admitting evidence of uncharged acts of misconduct during the sentencing proceedings. We agree with the first contention based on *United States v. Huggins,* 17 M.J. 345 (C.M.A.1984) (summary disposition); *United States v. Glover,* 16 M.J. 397 (C.M.A. 1983); and *United States v. Holt,* 16 M.J. 393 (C.M.A.1983). We disagree with the second contention.

After findings appellant called three sergeants who testified that appellant could be rehabilitated for continued service in the Army. Two of these witnesses expressed their opinions based in part on the premise that appellant's offense was a one-time incident. Appellant stated to the court that he desired rehabilitation in the Army and, "I never was a regular user or anything of that nature. I just, you know, that one time, that incident, and got myself in trouble for it."

Over defense objection, the trial judge then admitted appellant's pretrial statement that he had sold hashish on eight other occasions and had smoked hashish

nine or ten times between June 1982 and June 1983.

 Evidence of uncharged misconduct may be admitted as rebuttal evidence. *United States v. Gambini*, 13 M.J. 423 (CMA 1982); *United States v. Blau*, 5 U.S. C.M.A. 232, 17 C.M.R. 232 (1954). *See also United States v. Strong*, 17 M.J. 263 (C.M. A.1984); Manual for Courts-Martial, United States, 1969 (Revised edition), Change 6, para. 75*d* (1981). Appellant's pretrial admission of prior drug sales rebutted his in-court assertion that the charged offense was his only drug sale. His pretrial admission of prior drug use tended to contradict his in-court assertion that he had not regularly used drugs in the past. Furthermore, appellant's pretrial statement was relevant rebuttal because of its tendency to undermine the probative value of the opinions of two of the sergeants as to appellant's rehabilitative potential, since that testimony was based in part on a contrary premise. *United States v. Donnelly*, 13 M.J. 79, 81 (C.M.A.1982).

Having determined that the pretrial statement was relevant rebuttal evidence, we must determine whether its probative value was substantially outweighed by its prejudicial effect. Mil.R.Evid. 403. Appellant placed heavy emphasis on his allegedly clear record and his rehabilitative potential in the sentencing proceedings. His pretrial statement went to the heart of those issues. While we recognize the potential prejudicial effects, we are satisfied that the trial judge did not abuse his discretion by admitting the evidence for his own consideration. We are confident that the trial judge considered the evidence for the limited purpose of rebuttal and not for the prohibited purpose of punishing appellant for offenses for which he was not on trial.[1]

The finding of guilty of Specification 1 of the Charge is set aside and that specification is dismissed. The remaining findings of guilty and the sentence are affirmed.

Judge NAUGHTON and Judge COHEN concur.

---

1. Appellant also contends that Military Rule of Evidence 404(b) prohibits admission of his pretrial statement. The uncharged acts in question were not used to show that appellant acted similarly on any occasion.