**UNITED STATES, Appellee,**

v.

**Davy B. SMITH, Lance Corporal U. S. Marine Corps, Appellant.**

No. 52,380.

NMCM 85 0145.

U.S. Court of Military Appeals.

Dec. 1, 1986.

For Appellant: *Lieutenant Commander Frederick N. Ottie*, JAGC, USN and *Lieu-* tenant Commander James J. Quigley, JAGC, USN (on brief); *Lieutenant Rickey P. Roecker*, JAGC, USNR.

For Appellee: *Captain Carl H. Horst*, JAGC, USN and *Lieutenant Robert G. Sosnowski*, JAGC, USNR (on brief); *Captain W. J. Hughes*, JAGC, USN.

*Opinion of the Court*

PER CURIAM:

Appealing from his special court-martial conviction by officer members, Smith asks this Court to determine whether the military judge committed prejudicial error by informing the members, before they heard evidence on the merits of two contested offenses, that guilty pleas had been entered to two other charges. Under the circumstances of this case, we conclude that he did.

I

At his arraignment, Smith pleaded guilty to a 3–day unauthorized absence (Charge I and its specification) and to use of marijuana during March 1984 (specification 1 of Charge III). However, he pleaded not guilty to two instances of disobeying orders (a) "to get out of the rack for clean up" and (b) "to surrender his Armed Forces Identification Card" (specifications 1 and 2 of Charge II) and to use of cocaine in March 1984 (specification 2 of Charge III). After a satisfactory providence inquiry, the military judge entered findings pursuant to Smith's guilty pleas; and the parties then moved to trial of the contested charges.

Before the court-martial members entered the courtroom for voir dire, defense counsel moved to amend the charge sheet which shortly was to be given to the members, so that they would not thereby be informed of the offenses to which Smith had pleaded guilty. Counsel recognized that providing such information was "standard practice" but complained nonetheless that it was not relevant at this point in the

trial and would not become relevant until the sentencing stage. He cited by analogy Mil.R.Evid. 404, Manual for Courts-Martial, United States, 1969 (Revised edition), concerning the limited admissibility of evidence of prior bad acts and argued that to furnish this irrelevant information to the members prior to findings needlessly created a risk that the members might improperly infer guilt of the contested offenses from Smith's admission of guilt of the uncontested charges.

Trial counsel responded that Mil.R.Evid. 404 "has nothing to do with the removal of charges from a charge sheet." Continuing, the prosecutor "contend[ed] that these charges, Charge I and Charge III and the first specification thereunder, are extremely relevant." He explained: "Although the individual has just been found guilty, it is a charge before this particular panel and this particular panel should be cognizant of all the factors in this particular case."

In ruling on the motion, the military judge acknowledged language in the opinion of the United States Army Court of Military Review in *United States v. Nixon*, 15 M.J. 1028 (1983), which "suggests that the charges and specifications to which the accused has pled guilty should not be placed before court members." However, after noting that because this was a decision of the Army Court and so was "not binding upon this [Marine Corps] court-martial," the military judge stated that he was "going to deny that motion, and allow the entire charges and specifications be placed before the court members."

After the members had entered the courtroom, trial counsel explained the general nature of the contested charges they were to consider. Then, at the specific direction of the military judge, he also explained the general nature of the uncontested charges. At this point, the military judge directed the members to read the copy of the charges and specifications which previously had been placed in each member's packet. Of course, consistent with his ruling on the motion in question,

each copy contained the specifications to which Smith had pleaded guilty.

Attempting to mitigate the damage he perceived from the members' receipt of this information, defense counsel asked these questions during voir dire of the members:

DC: ... Now, the military judge will instruct you that the charge sheet that you have in front of you—Lance Corporal Smith has pled guilty to two of those offenses. He pled guilty to the UA, and he pled guilty to the use of marijuana. Now, based upon your first reading of the charges, does that give you any feeling as to the guilt or innocence of Lance Corporal Smith, or can you agree—Let me ask you this question. Can you agree that the charge sheet is not evidence in this case?

DC: An affirmative response. And, can you all agree that in order to meet that standard that the government counsel mentioned, proof beyond reasonable doubt, you can only rely on the evidence that comes from the stand. Nothing else should influence your finding. Can you agree with that?

DC: Affirmative response....

Later, after the members had been impaneled, the military judge advised them of the charges and specifications to which Smith had pleaded guilty and not guilty; and he further advised them that he had accepted the former pleas and had entered findings accordingly. "Therefore," he continued, "you will not be required to reach findings regarding Charge I and the Specification and Specification 1 of Charge III." He admonished: "You may not consider the fact that the accused pleaded guilty to some of the offenses in any way in deciding whether the accused is guilty of the offenses to which he has pled not guilty."

After all the evidence was presented, when the military judge was instructing the members prior to their deliberations on findings, he made no further mention of the guilty pleas and of their irrelevance to those deliberations. The only other time this matter was addressed during the

course of the trial was in this closing argument of defense counsel:

We would ask you to—we've asked you to go through a very difficult thought process, that is, Lance Corporal Smith has pled guilty to the use of marijuana, but we've asked you to consider the fact that he's pled not guilty to the use of cocaine, and we've asked you to separate those two in your minds. It is very difficult, but the defense has faith that you can do that as you're instructed. The military judge has instructed you that you cannot use the fact that he's pled guilty to use of marijuana in determining the guilt or innocence of his use of cocaine, and we believe you can maintain that separate thought process.

In due course, the members returned with guilty findings on the contested offenses as charged.

## II

In *United States v. Rivera*, 23 M.J. 89 (C.M.A. 1986), we concluded that in the usual case, no lawful purpose is served by informing members prior to findings about any charges to which an accused has pleaded guilty. This is such a case.

Trial counsel offered no specific reason which, in his view, necessitated the members' receipt of such information prior to sentencing deliberations. Although he urged that the information was "extremely relevant," he never explained *why*. Indeed, as defense counsel subsequently observed, the only rationale suggested by trial counsel—"[I]t is a charge before this particular panel and this particular panel should be cognizant of all the factors in this particular case"—seems to imply that the information should "in some way ... affect their findings for the charges that have not been pled to." Of course, that would not be proper. *United States v. Rivera, supra.*

Also we are not helped by the military judge in our search for a legitimate reason for offering the information here to the members. After defense counsel had stated a logical basis for his motion and after,

as just mentioned, trial counsel presented no substantive reason in opposition, the military judge denied the motion without explanation. Even more troublesome, he did so after acknowledging awareness of the opinion of the Army Court of Military Review in *United States v. Nixon, supra,* in which that court had suggested a contrary practice after discussing the pros and cons.

We recognize that this case was tried about one week before August 1, 1984, the effective date of the Manual for Courts-Martial (1984), which cautions trial practitioners:

If the accused has pleaded guilty to some specifications but not others, the military judge should consider, and solicit the views of the parties, whether to inform the members of the offenses to which the accused has pleaded guilty. *It is ordinarily appropriate to defer informing the members of the specifications to which the accused has pleaded guilty until after findings on the remaining specifications are entered.*

R.C.M. 910(g), Discussion, Manual for Courts-Martial, United States, 1984 (emphasis added). We also are aware, however, that the provisions of the new Manual were widely disseminated and discussed among military-law practitioners well in advance of the effective date. Thus, we assume that the military judge was aware of this discussion and of its logic. In any event, the Manual discussion was based primarily on the rationale of *United States v. Nixon, supra*—see App. 21, Analysis to R.C.M. 910(g), Manual (1984), *supra;* and the military judge admittedly was aware of that case.

Finally, defense counsel sensibly argued that the practice of informing members prior to a contested trial of any offenses to which the accused had pleaded guilty was analogous to admitting "[e]vidence of other crimes, wrongs or acts"—evidence ordinarily "not admissible to prove the character of a person in order to show that the person acted in conformity therewith." Mil.R. Evid. 404(b). Although the military judge

instructed the members that this information was not evidence, we recognize the practical difficulty of putting out of one's mind something which has just been placed there; and where it was placed there for no useful purpose, the whole exercise seems futile.

Balanced against the absence of any useful purpose to be served by the information here is the risk it presented of substantial prejudice to Smith. *See* Mil.R.Evid. 403. One of the offenses to which Smith had pleaded guilty—use of marijuana in March 1984—was generically similar to one to which he had pleaded not guilty—use of cocaine during the same month. Moreover, unlike *Rivera*, the contested charges here all were affirmatively defended; and although the Government's evidence was substantial and carried the day, we are unable to conclude that it was so overwhelming that the defense was no more than a whistle in the wind.

Under all the circumstances of this case, we conclude that the military judge erred in denying the defense motion not to inform the members of the offenses to which Smith had pleaded guilty before the sentencing stage of the trial was reached. Moreover, there is a fair risk that the error prejudiced Smith's defense against the charge of use of cocaine.

## III

The decision of the United States Navy-Marine Corps Court of Military Review is reversed as to specification 2 of Charge III and the sentence. The finding of guilty of that specification is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to the Court of Military Review for further action consistent with this opinion.

Judge SULLIVAN did not participate.