**UNITED STATES, Appellee,**

v.

**Captain Norris R. JAGNANDAN, 587–92–8949, United States Army, Appellant.**

**CM 445227.**

U.S. Army Court of Military Review.

30 April 1987.

---

2. We note that trial counsel's conduct directly induced this error.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Dale K. Marvin, JAGC, Captain Brian R. St. James, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Samuel J. Rob, JAGC, Captain Patrick A. Hewitt, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT
## ON REMAND

SMITH, Judge:

On 8–10 November 1983, appellant was tried at Fort Gordon, Georgia, before a general court-martial composed of officer members. In accordance with his pleas, appellant was found guilty of violation of a lawful general order and violation of a lawful order, violations of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892. Contrary to his pleas, appellant was also convicted of violation of a general regulation against fraternization, consensual sodomy,[1] and conduct unbecoming an officer in violation of Articles 92, 125, and 133, UCMJ, 10 U.S.C. §§ 892, 925, 933. He was sentenced to dismissal from the service, confinement at hard labor for seven years, and forfeiture of $1,000.00 pay per month for seven years. The convening authority approved the sentence but suspended execution of the confinement at hard labor in excess of five years and six months for a period of five years.

[1] Appellant was brought to trial on a specification alleging forcible sodomy. The specification was amended by the military judge on appellant's motion for partial finding of not guilty at the close of the Government's evidence. Appellant was convicted of the amended specification.

On 5 April 1985, this court set aside the findings of guilty as to Charges I (fraternization) and II (sodomy), and approved only so much of the sentence as provided for dismissal from the service, forfeiture of $1,000.00 pay per month for five years, and confinement at hard labor for two years and six months. *United States v. Jagnandan*, CM 445227 (A.C.M.R. 5 Apr. 1985) (unpub.). On 15 November 1985, the Court of Military Appeals granted appellant's petition for review and remanded the case to this court for further review. *United States v. Jagnandan*, 21 M.J. 289 (C.M.A. 1985). On 19 June 1986, this court reaffirmed the findings and sentence. *United States v. Jagnandan*, CM 445227 (A.C.M.R. 19 Jun 1986) (unpub.). On 13 February 1987, the Court of Military Appeals granted appellant's petition for review and remanded the case to this court for consideration of the following issue:

> WHETHER THE MILITARY JUDGE ERRED IN ANNOUNCING THE APPELLANT'S PLEA OF GUILTY TO ADDITIONAL CHARGE II AND ITS SPECIFICATIONS DURING THE TRIAL ON THE MERITS OF THE CONTESTED CHARGES OF SODOMY, SEXUAL ABUSE, AND CONDUCT UNBECOMING AN OFFICER.

This court was directed to consider this issue in light of *United States v. Rivera*, 23 M.J. 89 (C.M.A.1986), and *United States v. Smith*, 23 M.J. 118 (C.M.A.1986).

Appellant argues that he was prejudiced by the military judge's decision to announce to the members (over defense objection) appellant's plea of guilty to Additional Charge II and its specifications (violating a lawful general order by participating in off-duty employment without the permission of his commander and failing to obey a lawful order not to interview or examine female patients, practice only in a supervised status, not practice medicine on weekends and nights and not engage in off-duty employment in the community). We agree.

In this case the military judge, with full knowledge of *United States v. Nixon*, 15 M.J. 1028 (A.C.M.R.) (the practice of informing court members of existence of plea of guilty to other charged offenses before trial of offenses to which accused has pleaded not guilty should be discontinued), *petition denied*, 17 M.J. 183 (C.M.A.1983), and over defense objection, instructed the members prior to trial on the merits that appellant had pled guilty to and had been found guilty of Specifications 1 and 2 of Additional Charge II.

Appellant was found guilty of the contested offenses on the basis of the testimony of the alleged victim. Essentially the case turned on the believability of the alleged victim vis-a-vis appellant who denied the incident (sodomy and fondling of the alleged victim's breasts and vagina) occurred and testified that he had conducted no physical examination or touched the alleged victim at all. Under the circumstances of this case we believe there was no relevant[2] or "legitimate reason for offering the information [of the guilty plea] here to the members." *United States v. Smith*, 23 M.J. 118, 120 (C.M.A.1986). We further find that balancing the absence of a useful purpose for presenting this information to the members against the potential prejudicial effect if such information was used to evaluate appellant's credibility at trial—in this case where credibility was key—that "there is a fair risk that the error prejudiced [appellant's] defense against the charge of [conduct unbecoming an officer]." *Smith* at 121. Such information tended to establish that the violated order not to treat women patients (given after the contested offenses allegedly occurred) was the result of a command determination that appellant had been guilty of criminal conduct with regard to women patients, *i.e.*, a propensity to commit the acts in issue.

Accordingly the findings of guilty of the Specification of Charge III and Charge III are set aside. The findings of guilty of

---

**2.** The government at trial did not argue, nor does there appear to be, an evidentiary basis upon which the information would have been admissible.

Additional Charge II and its Specifications are affirmed. The sentence is set aside subject to the condition hereafter stated. The same or a different convening authority may order a rehearing on Charge III and its Specification and the sentence, which is conditionally set aside for the purpose of rehearing. If the convening authority determines that a rehearing on that charge is impracticable, he may dismiss the charge and order a rehearing on the sentence only. If the convening authority determines that a rehearing on the sentence likewise is impracticable, he may reassess the sentence.

Senior Judge ADAMKEWICZ and Judge LYMBURNER concur.