CRAWFORD, Chief Judge
(dissenting):
Rule for Courts-Martial 913(a) [hereinafter R.C.M.] provides the following guidance regarding preliminary instructions: “The military judge may give such preliminary instructions as may be appropriate. If mixed pleas have been entered, the military judge should ordinarily defer informing the members of the offenses to which the accused pleaded guilty until after the findings on the remaining contested offenses have been entered.” The nonbinding Discussion following the Rule adds:
Exceptions to the rule requiring the military judge to defer informing the members of an accused’s prior pleas of guilty include cases in which the accused has specifically requested, on the record, that the military judge instruct the members of the prior pleas of guilty and cases in which a plea of guilty was to a lesser included offense within the contested offense charged in the specification.
R.C.M. 913(a) discussion. The Majority is correct that the Benchbook reflects the content of the discussion, and that the military judge misinformed counsel regarding the guidance contained in the Benchbook’s advice. See Military Judges’ Benchbook: Legal Services, Dep’t of the Army, Pamphlet 27-9, Military Judges’ Benchbook, 29, 47 (2001)[hereinafter Benchbook]
Nevertheless, the language of R.C.M. 913(a) is clear that to “defer informing the members of the offenses to which the accused pleaded guilty” is what the judge “ordinarily” should do; hence, the Discussion’s mention of two situations “inelude[d]” among exceptions to the rule. The case at hand is precisely one more exception. In short, the judge’s authorization of the flyer permitted the members to consider what was otherwise admissible evidence under Military Rule of Evidence 803(22) and 404(b) [hereinafter M.R.E.].
Furthermore, in failing to object to the flyer’s content when the opportunity arose at trial, Appellant waived any post-trial objection to the flyer. Even assuming that the military judge erred, the error was not “plain” to the extent that this Court should reverse the decision below.
For these reasons, discussed at length below, I would affirm the decision of the lower court.

The Guilty Pleas Were Admissible Evidence

First, Appellant’s guilty pleas were admissible under M.R.E. 803(22). M.R.E. 803 lists the exceptions to the hearsay rule that are not contingent upon a declarant’s availability. Included among this list is M.R.E. 803(22), pertaining to judgments of prior convictions: “Evidence of a final judgment, entered after a trial or upon a plea of guilty ... adjudging a person guilty of a crime punishable by death, dishonorable discharge, or imprisonment in excess of one year, to prove any fact essential to sustain the judgment ...” is admissible. R.C.M. 910(g) allows that “[findings based on a plea of guilty may be entered immediately upon acceptance of the plea at an Article 39(a) session.” Pursuant to this rule, the military judge noted to Ap *152 pellant that “[o]n your plea alone and without receiving any evidence, this court can find you guilty of the offenses to which you have pled guilty.” After extensive questioning the judge determined Appellant’s pleas to be provident. The guilty pleas listed on the flyer were therefore admissible under this rule, as evidence of a final judgment entered upon a plea of guilty.
Second, Appellant’s admissions during the providency inquiry rendered the guilty pleas admissible under M.R.E. 404(b). This rule addresses the potential prejudice that could result from members’ knowledge of other crimes committed, or allegedly committed, by the accused. M.R.E. 404(b) reads: “Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.” The motive behind this rule is the same motive that generates the military’s efforts “to assure that [in trials by courts-martial] an accused will not be found guilty of one offense merely because he is guilty of other crimes.” United States v. Rivera, 23 M.J. 89, 95 (C.M.A.1986). This is precisely why Appellant claims that he has been prejudiced by the members’ consideration of his guilty pleas.
Yet, M.R.E. 404(b) provides a significant exception: Such otherwise inadmissible evidence may be admissible “for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” Appellant’s admissions during the providency inquiry concerning the four uncontested specifications were so closely factually intertwined with all of the specifications that each admission and corresponding guilty plea was illustrative of Appellant’s motive, opportunity, and intent regarding the contested specifications.
During the providency inquiry in this case the military judge meticulously narrated the facts related to each uncontested offense and then asked Appellant to confirm that the elements of each offense accurately described what Appellant had done. In replying to the judge, Appellant described having consensual sex in his barracks room with Private First Class (PFC) AC, a woman who was in training at the Presidio, allowing another woman, PFC M.B., to remain in his bed unconscious from extreme intoxication, and having sex with a Specialist (SP4) CB, a Presidio student, in her barracks room after meeting her at a local bar.
The information gleaned from these admissions tracked the essential elements of all of the specifications. The plea admissions involved the same type of women (trainees), the same type of acts, and the same general sexual behavior as the contested charges alleged. The specifications concerned a total of six women who had contact with Appellant between December 1997 and July 1998, and included charges of fraternization, maltreatment, sodomy, indecent acts, and adultery. The fraternization charge under Article 92 addresses the failure to obey an order or regulation, in this case a regulation prohibiting nonprofessional relationships with trainees. See Article 92, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 892 (2002). The Article 93 maltreatment charge in pertinent part punishes sexual harassment, which includes “deliberate or repeated offensive comments or gestures of a sexual nature.” Article 93, UCMJ, 10 U.S.C. § 893 (2002). The sodomy charge under Article 125 prohibits “unnatural carnal copulation.” Article 125, UCMJ, 10 U.S.C. § 925 (2002). Finally, the Article 134 charge of indecent acts and adultery alleges appellant’s behavior to have been contrary to good order and discipline. See Article 134, UCMJ, 10 U.S.C. § 934 (2002). The essential elements of these charges, the type of behavior they punish, were clearly the essential elements of Appellant’s guilty pleas and corresponding providency admissions. The guilty pleas were therefore indicative of Appellant’s motive, opportunity, intent, preparation, and/or plan regarding the contested specifications, and as such were admissible under M.R.E. 404(b).[1]
*153 In sum, although the judge may have misconstrued the Benchbook, she did so in the context of circumstances exceptional to the “ordinary” parameters of R.C.M. 913(a), rightly permitting the members to consider what would otherwise have been admissible evidence under M.R.E. 803(22) and 404(b).

Appellant Waived Objection to the Flyer

R.C.M. 905(e) states that “objections ... must be raised before the court-martial is adjourned for that case and ... failure to do so shall constitute waiver.” The purpose of this rule is “to eliminate the expense to the parties and the public of rehearing an issue that could have been dealt with by a timely objection or motion at trial.” United States v. Huffman, 40 M.J. 225, 229 (C.M.A.1994)(Crawford, J., dissenting in part and concurring in the result). In the present case, defense counsel waived any objection to informing the members about the previous guilty pleas when he stated “that’s fine” and “no objection” after the military judge’s erroneous summary of the Benchbook. The judge gave defense counsel the opportunity to debate the legality of the flyer’s content, yet counsel had nothing to say. This failure to argue, coupled with counsel’s explicit assertion that he had “no objection,” constitutes waiver, pure and simple. Absent plain error, the issue is therefore not suited for appeal.
Furthermore, throughout the court-martial, defense counsel actively put Appellant’s guilty pleas before the members. During his opening statement, defense counsel remarked:
[The Accused] has an absolute right not to say anything. That’s not the kind of soldier [he] is. He came forward this morning and said, “I’ve done wrong, Your Honor. I’m guilty of these offenses. I’m going to tell you about it.” And he did. But, I can’t tell you about these other things for one simple reason: because they did not happen. I can’t tell you about something that did not happen.
In addition, defense counsel repeatedly asked witnesses whether Appellant’s guilty pleas had any bearing on the witnesses’ opinion of Appellant. Finally, in his closing argument defense counsel characterized Appellant’s guilty pleas as acts which “happened off duty hours in the privacy of his barracks room” and, in so doing, reiterated Appellant’s guilty pleas. Thus, not only did defense counsel fail to dispute the flyer’s inclusion of all charges when the opportunity was presented to him, but he also highlighted Appellant’s guilty pleas throughout the court-martial.
In sum, by failing to formally object to the flyer when given the opportunity at trial, and in repeatedly addressing the guilty pleas on his own initiative during the court-martial, defense counsel waived any post-trial objection to the flyer.

There was no Plain Error

“If an error is waived, further consideration of its effect is simply estopped unless it qualifies as ‘plain error’____” United States v. Deachin, 22 M.J. 611, 614 (A.C.M.R.1986)(citing United States v. Tyler, 17 M.J. 381, 385-86 (C.M.A.1984)); see also United States v. Causey, 37 M.J. 308, 311 (C.M.A.1993). The Supreme Court in United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), and Johnson v. United States, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), established a four-prong test to detect plain error. To remedy an error not raised at trial an appellate court must find (1) error, (2) that is plain, (3) that affects substantial rights, and that (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. Johnson, 520 U.S. at 466-67, 117 S.Ct. 1544 (quoting Olano, 507 U.S. at 732, 113 S.Ct. 1770; United States v. Young, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)).
The Court has defined “error” as a “deviation from a legal rule.” Olano, 507 U.S. at 732-33, 113 S.Ct. 1770; Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). An error is “plain” when it is “obvious” or “clear under current law,” Ola- *154 no, 507 U.S. at 734, 113 S.Ct. 1770, or “ ‘so egregious and obvious’ that a trial judge and prosecutor would be ‘derelict’ in permitting it in a trial held today,” United States v. Thomas, 274 F.3d 655, 667 (2d Cir.2001)(eiting United States v. Gore, 154 F.3d 34, 43 (2d Cir.1998)). An error may become “plain” at the time of appellate consideration even if it was not “plain” at the time of the court-martial. Johnson, 520 U.S. at 468, 117 S.Ct. 1544. An error that affects substantial rights is one that is materially prejudicial, United States v. Chapa, 57 M.J. 140, 143 (C.A.A.F.2002); one that effects the outcome or judgment of the court-martial proceeding; Olano, 507 U.S. at 734, 113 S.Ct. 1770. Appellant has the burden of demonstrating that these first three prongs of the plain error test are met. United States v. Kho, 54 M.J. 63, 65 (C.A.A.F.2000).
Assuming under the first prong of the test that the judge erred, it is nonetheless clear that under the second prong the alleged error was not “plain.” The flyer’s errancy was neither “obvious” nor “clear under current law,” as the guilty pleas included on the flyer were admissible under M.R.E. 803(22) and 404(b). See Olano, 507 U.S. at 734, 113 S.Ct. 1770. Furthermore, even if the error were plain, it certainly was not materially prejudicial, and therefore does not satisfy the third prong of the plain error test. Three facets of the ease mitigate any materially prejudicial effect of the error.
First, defense counsel’s recurrent explicit references to the guilty pleas — in the opening statement, during the questioning of witnesses, and then again during closing argument — provided the same information to the panel that was contained in the flyer and to which Appellant now objects. Given counsel’s own repeated disclosure of the guilty pleas, it is extremely unlikely that the flyer itself effected the trial’s outcome, and therefore clear that any error was not materially prejudicial.
Moreover, the Government did not rely on Appellant’s guilty pleas to prove its case. By contrast, it plainly distinguished the specifications to which Appellant pleaded guilty from those specifications the Government had yet to prove at trial. During the opening statement, trial counsel told the members:
Now, [the Accused] has pled guilty to an adulterous affair and nonprofessional conduct with Private First Class [AC]. Please separate that from your mind. We are proving different charges. Now, you’ll [sic] may be able to make some inferences, but the fact that he pled guilty to [some charges] does not alone prove the remainder of the charges.
The Government’s efforts to differentiate the guilty pleas from the charges addressed at trial undoubtedly diminished the flyer’s influence on the findings and, in so doing, abated any materially prejudicial effect of the error.
Third, and most strikingly, Appellant was charged with 13 specifications, and pleaded guilty to only four. Appellant now argues that the flyer’s inclusion of the guilty pleas tainted the outcome of the trial by inclining the members to find him guilty of other substantially similar offenses. However, the charge and findings chart reproduced below tells a different story.
[[Image here]]
*155 [[Image here]]
Of the 13 total specifications, Appellant was found guilty of only six. Of the nine contested specifications, Appellant was found guilty of only two (emphasized above). Far from being detrimental, the judge’s alleged error, if significant at all, actually allowed defense counsel successfully to employ the guilty pleas throughout the proceeding to Appellant’s advantage.
Finally, the fourth prong of the test requires the court to consider both the quality and quantity of evidence, as well as to determine whether “a timely objection in the trial court could have eliminated, or substantially ameliorated, any error by means well short of the drastic relief — ordering a new trial— necessary to remedy the error on appeal.” United States v. Promise, 255 F.3d 150, 194 (4th Cir.2001)(Motz, J., concurring in part and dissenting in part and dissenting in the judgment) (citing Johnson, 520 U.S. at 466, 117 S.Ct. 1544; United States v. Young, 470 U.S. 1, 15, 16 n. 13, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985); United States v. Frady, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 238-39, 60 S.Ct. 811, 84 L.Ed. 1129 (1940)). Even assuming that any error survived the first three prongs of the plain error test, the judge’s error certainly failed to jump this final hurdle. Reviewing the quantity and quality of the evidence reveals that defense counsel could have formally objected at trial when given the opportunity, and that such an objection “could have eliminated, or substantially ameliorated, any error by means well short of the drastic relief — ordering a new trial — necessary to remedy the error on appeal.” See id. Pursuant to the fourth prong of the plain error analysis, any error in this case did not seriously affect the fairness, integrity, or public reputation of judicial proceedings.
In sum, the military judge’s authorization for the flyer’s inclusion of the uncontested charges may have exceeded the “ordinary” instruction advised in R.C.M. 913(a). However, the judge’s authorization of the flyer permitted the members to consider what was otherwise admissible evidence under M.R.E. 803(22) and 404(b). Furthermore, in failing to object to the flyer’s content when the opportunity arose at trial, appellant waived any post-trial objection to the flyer. Finally, even assuming that the military judge did err, the error was not “plain” to the extent that this Court should reverse the decision below.
For these reasons, I respectfully dissent.

. In the same vein, this Court applied the underlying principle of Military Rule of Evidence 404(b) to its analysis of whether a military judge committed prejudicial error by informing the *153 members prior to a contested trial of the offenses to which the accused pleaded guilty. United States v. Smith, 23 M.J. 118, 121 (C.M.A.1986).