UNITED STATES, Appellee,

v.

Brian E. WEBSTER, Sergeant, U.S. Army, Appellant.

No. 54,894.

CM 447597.

U.S. Court of Military Appeals.

May 18, 1987.

For Appellant: *Captain Alfred H. Novotne* (argued); *Lieutenant Colonel Julia A. Belt, Major Joel D. Miller, Major Jerry W. Peace* (on brief); *Colonel Brooks B. La Grua, Lieutenant Colonel Arthur L. Hunt, Captain Robert A. Burrell.*

For Appellee: *Captain Carlton L. Jackson* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Larry D. Williams, Lieutenant Colonel Gary F. Roberson* (on brief); *Colonel James Kucera.*

## OPINION OF THE COURT

EVERETT, Chief Judge:

As a result of the military judge's denial of Webster's request for trial by judge alone, he was tried by a general court-martial with officer members. Pursuant to his pleas, he was found guilty of drug offenses,[1] in violation of Article 112a of the Uniform Code of Military Justice, 10 U.S.C. § 912a, and sentenced to a dishonorable discharge, confinement for 5 years, total forfeitures, and reduction to the grade of E-1. In accord with a pretrial agreement, the convening authority approved the sentence but suspended a major portion of the confinement. Thereafter, the Court of Military Review affirmed the findings as well

---

1. Wrongful possession of 63.84 grams of marihuana with intent to distribute on February 26, 1985, and wrongful use of marihuana during the period February 15 through 26, 1985.

as the forfeiture and reduction, but it substituted a bad-conduct discharge and reduced the confinement to 18 months.

The issue before this Court is:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY DENYING APPELLANT'S REQUEST FOR TRIAL BY JUDGE ALONE.

I

Shortly after an Article 39(a), UCMJ [2] session began on June 3, 1985, trial counsel announced that he had "received an oral request just momentarily, ... a few moments ago, before we started the 39(a), for trial by judge alone. I have received nothing in writing." Requesting permission to submit the written request later, the civilian defense counsel stated:

[W]e just received a change in the convening order and it's making some changes on the panel. It was, as I understand it, cut 30 May 1985, and the defense counsel assigned or detailed counsel only received it today. On the basis of that, we have changed our decision, along with some other information about some of the members and some of their conflicts, have decided to go with judge alone. I understand that this is a change of what everybody thought, but that's the basis for the change.

Thereupon, the military judge explained to Webster the various types of forums by which he might be tried; and appellant responded that he chose to be tried by judge alone.

Trial counsel expressed his opposition to the request as follows:

[W]e think it's just simply an untimely request. The panel has been notified for one o'clock today. They are all scheduled to be here and we think it would put the Government and the panel through an almost insurmountable task at trying to call them off at this late—at this late hour. Which we are approximately three

hours before trial and we still haven't gotten a written request in at this point, so we would oppose on those grounds alone.

The judge announced that he would "defer on this request until I've had a chance to think about it and until I get a written request before me." He asked the defense counsel to furnish him the written request [3] during the next recess.

After Webster had entered guilty pleas, the Article 39(a) session recessed at 10:18 a.m. and reconvened a few minutes thereafter, at which time the military judge had before him appellant's signed request for a judge-alone trial. He then remarked:

Ordinarily I would not permit such a late change in the forum in a case scheduled as late as this one has, but since there has been a change in over a majority of the panel members that is recent and was done late last week, I will permit the Change. Sergeant Webster, your request is approved and I will sign it.

The record of trial contains a written request form (DD Form 1722) on which the approval block was checked and then crossed through; and on the form a notation of "1028 hours" also is marked through. Presumably, this was the time when the judge gave his approval.

Shortly thereafter, trial counsel asked the judge to reconsider his action on the accused's request; and he noted that "it has come to the Government's attention that" the order changing the membership of the court-martial "was given to the defense last Thursday, the 30th." The judge indicated that this circumstance might affect his decision, and he invited the prosecutor to present the relevant evidence later in the session. After completion of the providence hearing—including detailed discussion of a pretrial agreement entered on April 30—and entry of findings of guilty, the military judge proceeded to reconsider Webster's request for trial by judge alone.

---

2. Uniform Code of Military Justice, 10 U.S.C. § 839(a).

3. A written request is not required. *See* Article 16(1)(B), UCMJ, 10 U.S.C. § 816(1)(B).

Specialist Four Gloria C. Righter, a legal clerk at the staff judge advocate's office, testified that she handled and distributed court-martial convening orders and trial schedules. According to her, a new convening order had been delivered to the defense on Thursday afternoon, May 30, "[t]hrough what I consider normal distribution, I put it in the defense's distribution box." This was "the normal distribution system that ... [she] always used with respect to courts-martial"; and "normally" the defense counsel would "pick their distribution up." However, in this case, "[f]rom what I gathered," they had not done so immediately. Instead, she had seen a legal clerk from the defense section come by on the morning of trial—June 3—and pick up the order, which had been there in the box since Thursday. Specialist Righter also testified that the members of the court-martial had been notified that they should be present for trial on June 3. Even those members who "were detailed on 30 May" had been notified on May 24, this being "a tentative notification, on the assurance that the General is going to detail them." Upon further questioning, she substituted the word "expectation" for "assurance."

The military judge ascertained from Specialist Righter that not only the four court members appointed "on the basic order" but also the five added by the amending order had been notified on May 24 as to the date of trial. This notification was that "there were two possible dates to conclude the case, the 3d of June for preliminaries, and then the 6th of June, if it was to be a contested panel; and one o'clock today, if it was to be a guilty plea." On May 23, Specialist Righter had been informed that Webster intended to plead guilty, so the next day she had notified the court members that they would be sitting on the afternoon of June 3.

The civilian defense counsel commented that, since Specialist Righter was aware of

a change in the court's membership on May 24th, the defense should also have been notified of the impending change, rather than waiting for 6 days to put the order in the distribution box. He also pointed out that he had discussed the membership of the court as originally appointed with his client; but that the defense attorneys were totally unfamiliar with four of the five new members. He added:

[I]t just seems to me, that in fairness to the accused, that if he wants judge alone, based on the Government's not informing us of the change until literally the day before, Friday was payday activities, putting it in a box is not the same as walking downstairs, they are in the same building, or calling Captain Mack [the military defense counsel] or calling me and saying, "We've changed members." That often affects a decision, as might they change a judge, if we had asked for judge alone and you weren't available. So, I would request that the Court honor our request for trial by judge alone and deny this objection by the Government.

Trial counsel replied that the defense would have a couple of hours to investigate the backgrounds of court members prior to trial and urged "that the request should be denied because of its untimely nature." The military judge noted that, under *United States v. Butler*, 14 M.J. 72 (C.M.A. 1982), he was required to state his reasons on the record for denial of an accused's request for a judge alone trial. However, the submission of a request "in an untimely manner is a fact which may be considered in denying such a request."[4] Thereupon, he recited, as his findings, that the nine court members had been notified on May 24 to be present at 1:00 p.m. on June 3; that the "trial date has been set at least tentatively since the 3d of May 1985," but "[a]t that time, it was unsure whether it would continue to be a guilty plea, as anticipated or a not guilty plea"; that between May 3 and the June 3d date of trial, there had been docket calls on May 10, 17, 24,

4. Although Article 16 contemplates that a request for trial by judge alone shall be submitted "before the court is assembled," the time of submission is not jurisdictional. *United States v. Morris*, 23 U.S.C.M.A. 319, 49 C.M.R. 653 (1975).

and 31, when the status of the case was considered; and that on May 24, the judge had received information at his docket call that pleas of guilty would be entered, so the June 6 trial date was cancelled and the June 3 trial date "was firmed up." Finally, the judge concluded:

Both sides in this case have demonstrated or have evidence before me of lack of communication. The Government apparently knew who these nine members would be a week before the defense found out and waited a week or six days to publish the order. But then the order sat in the defense box for a couple of days, or for three or four days before it was picked up by the defense. But the defense bears the responsibility of making a forum decision. Both sides in this case are aware of my concern for inconveniencing panel members. It is arguable that they will be inconvenienced more by coming to court this afternoon, than if they would be told that they don't have to. But I look at the long term results of attempting to reduce panels inconvenienced [sic] generally. And if this Court frowns upon untimely changes in forum dispositions by disapproving this request, it may have a salutary effect on preventing requests in future cases. Accordingly, the request is denied.

## II

■ As the military judge here acknowledged, we have held that a military judge who denies a request for trial by judge alone must state his reasons on the record. *United States v. Butler, supra.* Likewise, the discussion of R.C.M. 903(c)(2)(B), Manual for Courts-Martial, United States, 1984, states that "[t]he basis for denial of a request must be made a matter of record." Only through a statement of the reasons can the exercise of the judge's discretion in denying the request be reviewed by appellate courts. *United States v. Butler, supra* at 73.

R.C.M. 903(a)(2) provides:

Before the end of the initial Article 39(a) session, or, in the absence of such a session, before assembly, the military judge shall ascertain, as applicable, whether in a noncapital case, the accused requests trial by the military judge alone. The accused may defer requesting trial by military judge alone *until any time before assembly.*

(Emphasis added.) According to this Manual provision, Webster's request for trial by military judge alone was timely, for there had been no assembly of the court-martial members. Consequently, even though timeliness of a request is a fact that a judge may consider, there was no basis in the present record for denying appellant's request on grounds of untimeliness. We recognize that the military judge was seeking a laudable goal—planning court sessions with an eye to the convenience of court-martial members. However, as we have just made clear in *United States v. Williams,* 23 M.J. 362 (C.M.A. 1987), there are limits to what a judge may do by local requirements or rules of practice. In the present case, the judge simply exceeded those limits and abused his discretion when he denied the request.

■ Apparently, the judge was seeking to discipline counsel so that in the future there would be better communication. While this result may have been good for the efficiency of military justice, it clearly penalizes Webster for sins that were not of his making. He lost the benefit of a statutory option provided by Article 16 (1)(B) of the Uniform Code of Military Justice, 10 U.S.C. § 816(1)(B), in order that the lawyers appearing before this judge will communicate better in the future. Such a justification does not, in our view, accord with congressional intent.

Although we applaud the military judge's efforts to assure greater efficiency in docketing cases, we are puzzled by some of the events that took place in this case. For one thing, almost a week before they had actually been appointed by the amending orders to serve on the court-martial, five of the court members were notified of the time when court would convene. However, nobody bothered to contact either de-

fense counsel in this regard; and notice was given through regular channels of distribution on May 30—with only one work day remaining before the morning of the trial. Secondly, trial counsel expressed vigorous opposition to the request on grounds of untimeliness. However, usually prosecutors seem delighted to obtain a waiver of trial by court-martial members. Indeed, a provision for judge-alone trial has sometimes been included by an accused as an inducement to a pretrial agreement, *see United States v. Zelenski*, 24 M.J. 1 (C.M. A.1987). Likewise, this Court has emphasized some of the savings for the Government which result from a judge-alone trial. *United States v. Butler, supra; United States v. Morris*, 23 U.S.C.M.A. 319, 49 C.M.R. 653 (1975).

■ It is hard to imagine that the court-martial members would have been pleased to know how diligently trial counsel and the judge sought to assure that the members would have some work to do when they arrived at the courtroom on the afternoon of June 3. Generally, court-martial members—as well as their counterparts, civilian jurors—seem quite gratified when a case can be disposed of without use of their talents. Although court-martial duty deserves a high priority and it is desirable that members of the military community observe the operation of the military justice system, usually officers appointed to a court-martial will have plenty of other duties with which to occupy themselves if a request for trial by judge alone is granted. Thus, we doubt that providing experience to the members is a logically permissible reason for denying a request for trial by judge alone.

■ Perhaps trial counsel and the judge were concerned that, if the court members appeared and learned that their services

would not be needed,[5] they might conclude that the court-martial process was not being adequately planned and that there was poor communication between trial personnel. Even if trial counsel and the judge wished to avoid this result—a purpose which here was not articulated in the record—the remedy lay elsewhere than in depriving an accused of the opportunity for trial by judge alone. Poor communication between counsel can be corrected without the imposition of requirements that are inconsistent with the Uniform Code and a provision of the Manual for Courts-Martial.

### III

Although the Court of Military Review did not brand as error the judge's refusal to grant Webster's request for trial by judge alone, it did decide to reassess the sentence because of the judge's action. Now the Government suggests that this reassessment adequately insulates appellant from any prejudice that resulted from the military judge's decision.

■ Unfortunately, this remedy is insufficient to rectify the judge's error in denying Webster the forum in which he should have been tried. We should not speculate about the sentence that Webster would have received if he had been tried by judge alone. Resentencing at the trial level will best assure that appellant has not been harmed by the military judge's error.

The decision of the United States Army Court of Military Review is affirmed as to findings but reversed as to sentence. The sentence is set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing on sentence may be ordered.

Judges COX and SULLIVAN concur.

---

5. Court-martial members should always be aware that, by reason of a challenge for cause or peremptory challenge, they may not actually serve on a court-martial, even though they have been appointed to the court.