**UNITED STATES, Appellee,**

v.

**Specialist Four Eric J. WIGGERS, 383–74–3949, United States Army, Appellant.**

**ACMR 8601343.**

U.S. Army Court of Military Review.

30 Oct. 1987.

For Appellant: Captain Robert P. Morgan, JAGC (argued), Lieutenant Colonel Joel D. Miller, JAGC, Captain Stewart C. Hudson, JAGC (on brief).

For Appellee: Captain Cynthia M. Brandon, JAGC (argued), Colonel Norman G. Cooper, JAGC, Major Thomas E. Booth, JAGC, USAR (on brief).

Before COKER, CARMICHAEL, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

KENNETT, Judge:

Tried by a special court-martial composed of officer and enlisted members, appellant was convicted, pursuant to his plea, of wrongful use of marijuana in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. I 1983) [hereinafter UCMJ]. Contrary to his plea, appellant was convicted of assault consummated by a battery in violation of Article 128, UCMJ, 10 U.S.C. § 928. He was sentenced to a bad-conduct discharge and confinement for ninety days. In the post-trial recommendation, the staff judge advocate advised the convening authority that the military judge had erred by informing the

court members, over defense objection, of appellant's guilty plea to the marijuana offense before presentation of evidence on the contested assault charge.[1] The staff judge advocate opined that the judge's error "may have substantially prejudiced [appellant's] rights." The staff judge advocate recommended disapproval of the guilty finding of assault consummated by a battery, dismissal of that charge, but approval of the adjudged sentence after reassessment of its appropriateness. In accordance with those recommendations, the convening authority disapproved the guilty finding of assault consummated by a battery, dismissed that charge, and approved the adjudged sentence.

Appellant asserts the military judge erred by (1) failing to recuse himself, (2) failing to grant the defense challenge for cause against him, and (3) refusing to accept or consider a request for trial by judge alone. As the contested charge was dismissed after trial, appellant requests only a rehearing on sentence. We find that the military judge was disqualified to sit as the fact finder and, under the circumstances of this case, should have recused himself rather than directing a trial with members, but that appellant suffered no prejudice on findings because of the provident guilty plea to wrongful use of marijuana. We further find, based upon the military judge's overall conduct of the trial and the admission into evidence, over defense objection, of an inadmissible record of nonjudicial punishment (Article 15, UCMJ), that appellant was prejudiced as to sentence. We choose to reassess the sentence and reduce it significantly rather than order a sentence rehearing.

## I. *Facts*

During the Article 39(a), UCMJ, session prior to entry of pleas, the military judge, in answer to trial counsel's query regarding possible grounds for challenge of the judge, responded as follows:

In a companion case tried in this courtroom last week I presided over the case of the *United States versus Gomersall.*

In adjudging an appropriate sentence in the case it was my determination that I received mendacious testimony from Gomersall, and I will not accept a request by the accused for trial by judge alone.

Trial counsel lodged no challenge for cause against the judge, who then asked whether Specialist Four (SP4) Gomersall would be a witness in the present case. Upon being advised that SP4 Gomersall would be a government witness, the judge asked the defense counsel whether she desired to voir dire or present a challenge for cause against the judge. The following colloquy between the defense counsel and the judge then ensued:

DC [Defense Counsel]: Yes, your Honor. The defense would have chosen to take a judge alone trial in this case, if we had that option, and because the military judge cannot sit in decision on this case since Specialist Gomersall will be a witness, the defense would like to present a challenge for cause.

MJ [Military Judge]: What is the basis for cause?

DC: Again, sir, that the Military Judge has made a predisposition as to the credibility of one of the witnesses and the defense would request a judge alone tri—would—still would like a judge alone trial.

MJ: Captain Lewis, what I stated earlier was that I determined that Gomersall presented to me untruthful testimony during his own trial. He is a witness for the prosecution. Each party to a trial is entitled to a fair trial by an unbiased, impartial fact-finder [sic]. You will receive that kind of trial in this case, by having your facts decided by the court members. The prosecution is also entitled to that same impartial, unbiased fact-finder, and it is for that reason that I would not accept a trial by military judge alone request from this accused.

DC: I understand that, sir. That is why the defense would make a request for a recusal by the military judge so

---

1. *United States v. Smith*, 23 M.J. 118 (C.M.A. 1986); *United States v. Rivera*, 23 M.J. 89 (C.M. A.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1302, 94 L.Ed.2d 157 (1987).

that another military judge could sit on this case, in order to give defense the opportunity to have a judge alone court.

MJ: The determination of evidentiary issues, procedural disputes, and instructions of law that the court members will receive from me will not be affected in any way during this trial as a consequence of my presiding over the Gomersall trial last week. However, it does not promote judicial efficiency, nor the public image of our court-martial process, for me to recuse myself so that you can have another judge traveling a distance of at least 100 miles, from either Stuttgart or Nuernberg, the nearest location of another judge, in order for this case to proceed by judge alone.

Your challenge for cause is denied.

Written requests for trial by military judge alone and for enlisted court members were then marked as appellate exhibits. Noticing that the trial counsel had indicated on the form requesting trial by judge alone that the government desired argument on that request, the judge asked the trial counsel what her argument *would have been* had he entertained a request for trial by judge alone. The trial counsel replied that she would have opposed the request based upon the judge's disclosure concerning his opinion of SP4 Gomersall's truth and veracity.

Notwithstanding his earlier statements that he would not accept a request for trial by judge alone, the judge included that option in his trial forum advice to appellant. Appellant, as noted, chose trial by officer and enlisted members.

Following arraignment, but before entry of pleas, the defense counsel verbally moved for a continuance until Private E–2 (PV2) Coleman, the alleged victim of the assault, could be present for testimony. Without inquiring into the grounds for continuance, the judge informed the defense counsel that she had been warned about "no-notice, unwritten motions" and that he would not entertain her non-constitutional motion. The defense counsel advised the

judge that she believed her motion was of constitutional magnitude,[2] and informed him that PV2 Coleman had been hit by a car the previous evening and was not available to testify. She further told the judge that she had not learned of this accident until the morning of trial. The trial counsel corroborated the defense counsel's statements, and added that she too had not been informed of the accident until that morning. Following a defense proffer of PV2 Coleman's expected testimony, the judge told the defense counsel that she should not have waited to inform him of the accident because the delay had inconvenienced the court members "a full hour." In granting the continuance, the judge advised the defense counsel that "the next time you present a motion without notice it is going to a contempt determination by me and you will suffer the consequences of that."

The defense counsel reserved the plea to the alleged assault, and appellant pled guilty to the alleged wrongful use of marijuana. The judge conducted a providence inquiry,[3] and, determining appellant's plea to be provident, entered a finding of guilty. On appellant's behalf, the judge entered a plea of not guilty to the assault charge. Trial was recessed for two days pending medical resolution of PV2 Coleman's availability to testify.

When trial reconvened two days later, the judge informed counsel that he would advise the court members of appellant's guilty plea and the resultant guilty finding of wrongful use of marijuana before the members heard evidence on the contested assault charge. The defense counsel, in apparent reference to *United States v. Rivera*, 23 M.J. 89, which had been decided approximately one month before the instant trial, stated "there was a very recent case ... that says it is the choice of defense whether the jury [sic] is to be informed of a guilty plea made in front of the judge before ... continuing on the merits with the other charges." The military

---

2. We assume the constitutional basis was the Sixth Amendment's right of confrontation.

3. *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

judge countered by stating "[t]he most recent ACMR [Army Court of Military Review] decision ... has put the determination ... properly on the trial judge as to whether the existence of the guilty plea might adversely affect their [court members'] impartial determination of the facts" concerning the contested charge.[4] In his preliminary instructions to the court members, the judge informed them of the guilty finding.

During her opening statement to the court members, trial counsel related the government's version of the alleged assault upon PV2 Coleman by SP4 Gomersall and appellant. She told the members that SP4 Gomersall had "been convicted of his part in that assault." Although the defense counsel did not object to this disclosure in the trial counsel's opening statement, she did object when trial counsel asked SP4 Gomersall, on direct examination, whether he had been convicted of the assault.[5] The defense counsel grounded her objection on an asserted lack of relevance to the issue of appellant's guilt or innocence of the charged assault. The judge overruled the objection, and SP4 Gomersall testified that he had been convicted of the assault. Later, during an Article 39(a), UCMJ, session to discuss instructions on findings, the defense counsel asked for an instruction that SP4 Gomersall's conviction was not relevant to appellant's guilt or innocence. The judge denied the requested instruction, stating that SP4 Gomersall's conviction was relevant to the government's theory that appellant acted jointly with SP4 Gomersall or aided and abetted him in the as-

sault upon PV2 Coleman. The judge then reminded the court members of SP4 Gomersall's conviction during an instruction on accomplice testimony.

In a subsequent Article 39(a), UCMJ, session to consider the possible sentencing evidence, the defense counsel objected to the admission of a record of nonjudicial punishment under Article 15, UCMJ, because appellant had allegedly not been given the opportunity to "see" counsel before the Article 15 proceedings took place. The military judge examined the contested document, which reflected that appellant had "the right to consult with legal counsel" located at a named location. The document also reflected that appellant's punishment included a reduction from Specialist Four to Private First Class, and that appellant had not appealed. Rather than inquiring into the defense counsel's objection, the military judge asked why appellant was still wearing the grade insignia of a Specialist Four. The defense counsel informed the judge that the punishment had been imposed "after lunch *yesterday*" (emphasis added) and that appellant had not had the opportunity to correct the rank on his uniform.[6] Without inquiring further of either the government or the defense, the military judge overruled the objection to the admissibility of the Article 15, which was subsequently given to the court members during the sentencing phase of trial.

## II. *Disqualification of Military Judge*

Rule for Courts–Martial [hereinafter R.C.M.] 902[7] provides the general and spe-

---

4. The judge was apparently referring to *United States v. Boland,* 22 M.J. 886, 890–91 (A.C.M.R. 1986), *petition denied,* 23 M.J. 400 (C.M.A.1987), portions of which were criticized in *United States v. Rivera,* 23 M.J. at 96 n. 1.

5. SP4 Gomersall was the first prosecution witness.

6. Appellant was being tried for offenses allegedly occurring on 14 August 1986 (assault consummated by a battery) and between 17 May and 16 June 1986 (wrongful use of marijuana). Trial commenced on 3 December 1986 and was recessed, as noted earlier in the body of this opinion, after the providence inquiry and entry of the guilty finding to the marijuana offense. On 1 December 1986, two days before trial be-

gan, appellant had been offered disposition under Article 15 for an incident occurring on 1 November 1986 in which he allegedly drove a passenger car in a reckless manner while drunk, resulting in injury to two other individuals. On 4 December 1986, appellant accepted the Article 15 proceedings rather than demanding trial by court-martial for the alleged driving offense, and punishment was imposed on 4 December. Additionally, on 4 December, appellant elected not to appeal the Article 15. Trial recommenced on 5 December.

7. Manual for Courts–Martial, United States, 1984 [hereinafter M.C.M., 1984], Rule for Courts–Martial 902. This rule is based on 28 U.S.C. § 455. M.C.M., 1984, Analysis of R.C.M. 902, App. 21, A21–45.

cific grounds for disqualification of a military judge. R.C.M. 902(a), the general disqualification provision, states: "Except as provided in subsection (e) of this rule, a military judge shall disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned." R.C.M. 902(b), which lists specific grounds for disqualification, provides, *inter alia:* "A military judge shall also disqualify himself or herself in the following circumstances: (1) Where the military judge has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding." R.C.M. 902(d)(3) states: "Except as provided under subsection (e) of this rule, if the military judge rules that the military judge is disqualified, the military judge shall recuse himself or herself." R.C.M. 902(e) provides that the military judge may accept a waiver of disqualification under R.C.M. 902(a) if the waiver is preceded by a full disclosure on the record of the basis for disqualification,[8] but that no waiver of a disqualification under R.C.M. 902(b) shall be accepted.

▮▮▮ Here, we are not faced with a non-waivable disqualification under R.C.M. 902(b)(1), or any of the other specific grounds for disqualification under R.C.M. 902(b). As the military judge's determination that SP4 Gomersall was mendacious was based upon what the judge had heard in court during SP4 Gomersall's court-martial, and was not based upon out-of-court knowledge of SP4 Gomersall's truth and veracity, the judge's bias or prejudice was judicial, not personal, in nature. To be disqualifying under R.C.M. 902(b)(1) the judge's bias must be based upon extra-judicial, personal knowledge, not knowledge gained through performance of judicial duties. *See United States v. Grinnell Corp.,* 384 U.S. 563, 580–83, 86 S.Ct. 1698, 1708–10, 16 L.Ed.2d 778 (1966) (statutory disqualification for alleged bias and prejudice must stem from extra-judicial source, not from what the judge learned from participation in the case); *In re International Business Machines Corp.,* 618 F.2d 923, 928 (2d Cir.1980) (determination of personal bias or prejudice should be made on the basis of extra-judicial conduct as distinguished from conduct within a judicial context). Knowledge of an accused, a co-accused, or a witness gained from prior hearings or other cases is judicial, not extra-judicial, knowledge. *See United States v. Boffa,* 513 F.Supp. 505, 508–11 (D.Del.1981) (exposure to co-defendant/possible witness in a prior case in which judge stated co-defendant "is not credible" on certain issues was not extra-judicial exposure disqualifying judge under 28 U.S.C. § 455); *United States v. Lewis,* 6 M.J. 43 (C.M.A.1978) (co-accused, who had been tried by the judge during a three-day interval in accused's trial, testified in rebuttal to accused's testimony on sentencing; the judge was not disqualified by his exposure to a "related" case). Accordingly, as the judge's prior exposure to SP4 Gomersall arose in a judicial context, the judge was not disqualified under R.C.M. 902(b)(1).

▮▮▮ The same conclusion cannot be reached, however, with respect to the general disqualification ground of R.C.M. 902(a). Although the same general rules respecting judicial vis-a-vis extra-judicial exposure apply equally to R.C.M. 902(a) and 902(b)(1), *United States v. Boffa,* 513 F.Supp. at 509,[9] R.C.M. 902(a) requires that

---

**8.** There is no waiver in this case because appellant challenged the judge for cause.

**9.** "Whether a recusal motion is based on ... [28 U.S.C.] § 455(a) or § 455(b)(1) [the sections upon which R.C.M. 902(a) and 902(b)(1) are based—see note 7, *supra* ], it is clear that a claim of bias or prejudice based on judicial knowledge gained from prior hearings or other cases is not a sufficient ground for disqualification...." *See Bradley v. Milliken,* 620 F.2d 1143, 1156–57 (6th Cir.), *cert. denied,* 449 U.S. 870, 101 S.Ct. 207, 66 L.Ed.2d 89 (1980) (judge's

*ex parte* contacts, "[a]lthough perhaps a bit unorthodox," arose in a judicial context and he was not disqualified under 28 U.S.C. § 455(a)); *United States v. Partin,* 552 F.2d 621, 636–39 (5th Cir.), *cert. denied,* 434 U.S. 903, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977) (same judge may preside over a retrial after reversal; judge not disqualified because he presided over separate trial of a co-defendant); *United States v. Cowden,* 545 F.2d 257, 265–66 (1st Cir.1976), *cert. denied,* 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1977) (judge not disqualified because he presided over two prior trials of co-defendants);

special caution must be taken by the judge when he has heard a witness' prior testimony in a related case. When a judge states that he would not believe any witnesses called by one of the litigants, he is disqualified to sit in judgment of the dispute. *See Nicodemus v. Chrysler Corp.*, 596 F.2d 152 (6th Cir.1979) (judge disqualified under 28 U.S.C. § 455(a) when he stated in court that he would not believe any witnesses called by Chrysler Corp.). Here, the judge himself recognized that his prior determination of SP4 Gomersall's lack of credibility disqualified the judge from acting as the fact finder on the basis that his "impartiality might reasonably be questioned." R.C.M. 902(a). Hence, the judge properly refused to sit alone as the fact finder. *Cf. United States v. Roberts*, 20 M.J. 689, 691 (A.C.M.R.1985) (revelation by defense counsel that the accused intends to commit perjury disables the fact finder from impartially judging the merits of the defense). His options were to recuse himself or direct a trial with members.[10] *See United States v. Peterson*, 23 M.J. 828 (A.C.M.R.1986) (when judge is disqualified to act as the finder of fact, he must recuse himself or direct a trial by members). In some instances, directing a trial by members, with the judge remaining on the case to determine "evidentiary issues, procedural disputes, and [to give] instructions of law", may be foolhardy on the judge's part. *See United States v. Shackelford*, 2 M.J. 17 (C.M.A.1976) (unforeseen risks often accompany a judge's refusal to recuse himself once he is on notice of a version of the facts to which the actual fact finders, the court members, are not entitled to be privy). We believe this is such an instance. As illustrated by *Shackelford*, the judge, who is barred from taking sides, is placed in an untenable position when he knows that a witness is hedging on the truth, unbeknownst to the court members. When the judge has already determined, as in this

case, that a potential witness is a liar, perhaps just on certain issues as in *United States v. Boffa, supra*, or in general, the judge should reasonably foresee that credibility problems with that witness will develop during the course of the testimony. Attempting to deal with those problems without inevitably alerting the court members to the judge's knowledge of conflicting testimony is, in all likelihood, an impossible task for the judge. Rather than giving himself the Hobson's choice of a mistrial or certain reversal on appeal, the judge should not place himself in harm's way—he should recuse himself rather than directing a trial with members. The military judge in this case was fortunate: he did not have to deal with a different version of the facts from SP4 Gomersall. Nevertheless, he should have recused himself, or alternatively, granted the defense's challenge for cause against him.

No prejudicial error remains as to findings, however, because the convening authority set aside the finding of guilty to the one contested offense. Appellant's provident plea of guilty was not affected by the judge's disqualification to act as the finder of fact. *See United States v. Butler*, 26 C.M.R. 398 (C.M.A.1958) (plea of guilty is a judicial confession); *United States v. Lucas*, 1 C.M.R. 19, 23 (C.M.A.1951) (plea of guilty removes from the trier of fact any question of innocence or guilt and, if regularly made, leaves only the requirement for the court to impose an appropriate sentence). *Cf. United States v. Caruth*, 6 M.J. 184 (C.M.A.1979) (judge's intervention into plea bargaining process criticized and disapproved of by Court of Military Appeals, but Court rejected appellant's contention that such pretrial intervention required rejection, *per se*, of the pleas of guilty); *United States v. Sherrod*, 22 M.J. 917 (A.C.M.R.1986), *petition granted*, 24 M.J. 37 (C.M.A.1987) (in contested case,

---

*United States v. Wayne County Department of Health-Air Pollution Control Division*, 571 F.Supp. 90, 92–93 (E.D. Mich.1983) (judge's prior judicial involvement not disqualifying under 28 U.S.C. § 455(a)); *Dee v. Institutional Networks Corp.*, 559 F.Supp. 1282, 1284–85 (S.D.N.Y.1983) (judge's knowledge of case gained while

supervising pretrial discovery is not disqualifying under 28 U.S.C. § 455(a)).

10. An accused has no absolute right to trial by military judge alone. *United States v. Butler*, 14 M.J. 72 (C.M.A.1982).

judge's disqualification under R.C.M. 902(a) and error in refusing to recuse himself not prejudicial to appellant because, *inter alia,* judge handled his judicial duties in a professional and fair manner, and findings and sentence were by the court members). *See generally United States v. Care,* 40 C.M.R. at 253 (judge must advise an accused who enters plea of guilty that such plea waives, *inter alia,* right to trial of the facts).

### III. *Military Judge's Overall Conduct of the Trial*

In addition to the error discussed above, our review of the record has revealed seven other instances in which the judge did not conduct the trial in a "professional and fair manner." *United States v. Sherrod,* 22 M.J. at 923. Each instance will be discussed in the order in which it occurred at trial.

■ In denying the defense's challenge for cause against him, the judge stated, *inter alia,* that neither "judicial efficiency" nor the "public image of our court-martial process" would be promoted by his recusal and the resultant requirement for another judge to travel "a distance of at least 100 miles" to preside over the trial. While judicial efficiency and a favorable public image of the military criminal trial are laudable goals, inordinate concern with those goals penalized appellant "for sins that were not of his making." *United States v. Webster,* 24 M.J. 96, 99 (C.M.A. 1987). Appellant was not responsible for the judge's disqualification. The judge's refusal to recuse himself deprived appellant of the "statutory option" of trial by judge alone pursuant to Article 16(1)(B), UCMJ. *United States v. Webster,* 24 M.J. at 99.

After refusing to recuse himself and directing a trial by members, the judge incongruously advised appellant of his right to request trial by judge alone. Such advice

may have left appellant and any spectator with the impression that the judge did not know what he was doing. This impression would not promote the "public image of our court-martial process."

■ Before inquiring into the defense counsel's grounds for a continuance, the judge berated her for a "no-notice, unwritten" motion in violation of the circuit rules for prior, written notice of motions. In granting the request for a continuance, the judge threatened the defense counsel with a contempt determination "the next time [she] present[ed] a motion without notice." As the Court of Military Appeals made clear in *United States v. Williams,* 23 M.J. 362 (C.M.A.1987),[11] "there are limits to what a judge may do by local requirements or rules of practice." *United States v. Webster,* 24 M.J. at 99. Here, the local requirement for written notice of motions prior to an Article 39(a), UCMJ, session conflicts with appellant's right under R.C.M. 905(b)(4) to request production of witnesses at any time before a plea is entered. Additionally, the judge's threatened future use of his contempt powers was an intemperate attempt to curb defense counsel's rightful exercise of motion practice.[12]

■ Contrary to the dictates of *United States v. Rivera, supra,* the military judge informed the court members of appellant's guilt of wrongful use of marijuana before the court members heard evidence on the contested assault charge. Both *Rivera* and *United States v. Smith,* 23 M.J. 118 (C.M.A.1986), had been decided by the Court of Military Appeals before the trial commenced in this case, but it is likely that the *Smith* decision, having been issued only two days before this trial, had not reached the military judge sitting in Augsburg, Germany. The *Rivera* decision, however, having been issued approximately one month before this trial, should have

---

11. Although *Williams* was decided after the trial of the instant case, *United States v. Kelson,* 3 M.J. 139 (C.M.A.1977), cited and discussed in *Williams,* at 365–66, was decided approximately nine and one-half years before this trial. *Kelson* held that regulatory requirements in conflict with the Manual for Courts–Martial are invalid.

12. We note, with displeasure, that this is not the first instance of injudicious language by this particular military judge. See *United States v. McKinnon,* CM 448432 (A.C.M.R. 30 Mar. 1987) (unpub.) at 2–3 n. 1 (attached as an Appendix to this opinion), *petition denied,* No. 57,991/AR (C.M.A. 13 Oct. 1987).

reached Augsburg in time to be read by the judge before the first Article 39(a), UCMJ, session in this case. The defense counsel evidenced, by her remarks, that she had read *Rivera,* but the military judge obviously had not. The judge, in citing the "most recent ACMR decision"—a decision which had been criticized in part by the Court of Military Appeals in *Rivera,* 23 M.J. at 96 n. 1—rebutted the presumption that he knew and applied the law properly. *United States v. Montgomery,* 42 C.M.R. 227, 231 (C.M.A.1970). Although the convening authority corrected the error with respect to findings by setting aside the guilty finding of assault consummated by a battery, and dismissing that alleged offense, no reduction in sentence was made by the convening authority. In view of the erroneous admission of an Article 15, UCMJ, punishment, which error will be discussed below, we express no opinion regarding the propriety of the convening authority's approval of the adjudged sentence after his dismissal of one-half of the alleged offenses.

■ The military judge admitted the *fact* of SP4 Gomersall's conviction for assault and battery as relevant to the government's theory that appellant acted jointly with SP4 Gomersall or aided and abetted him in the assault upon PV2 Coleman. "Relevant evidence" is defined in Mil.R. Evid. 401 [13] as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." We understand the relevance of SP4 Gomersall's *actions* which support the government's theory of appellant's guilt, but we fail to see the relevance of SP4 Gomersall's *conviction* with respect to what appellant did or did not do.[14] Additionally, the military judge's accomplice instruction could have been given without mentioning SP4 Gomersall's conviction. Accordingly, we

hold that the military judge erroneously admitted evidence of SP4 Gomersall's conviction,[15] erroneously failed to give the defense requested instruction that the conviction was not relevant to the issue of appellant's guilt or innocence of assault upon PV2 Coleman, and erroneously included the fact of SP4 Gomersall's conviction in his accomplice instruction to the court members. There is no prejudice on findings, however, in view of the convening authority's dismissal of the alleged assault. Whether the evidence of SP4 Gomersall's conviction impacted prejudicially upon appellant for sentencing need not be decided by us in view of our resolution of the Article 15's admissibility.

■ With respect to the Article 15's admissibility, the record of trial reflects that the judge's overriding concern was not with the defense counsel's objection, but rather centered on appellant's wearing of Specialist Four insignia of grade. After being informed of the reason for appellant's failure to correct his uniform, the judge summarily overruled defense counsel's objection to the Article 15 without hearing any defense evidence on the issue and without requiring even a rebuttal offer of proof from the government. The judge erroneously admitted the Article 15 record of punishment over defense's objection that appellant had not been afforded the right to consult with counsel before the Article 15 proceedings took place. Although normally an Article 15 is admissible if the form reflects the soldier was advised of his right to consult with counsel, *United States v. Mack,* 9 M.J. 300, 321–22 (C.M.A. 1980), the defense counsel's objection should have alerted the military judge that the "presumption of regularity," *Mack* 9 M.J. at 322, to be accorded properly completed Article 15 forms could not be extended to the form in question. If the military judge had required the defense to present evidence supporting its objection, it may

---

**13.** M.C.M., 1984, Mil.R.Evid. 401.

**14.** The government did not seek admission of the evidence under Mil.R.Evid. 609, entitled "Impeachment by Evidence of Conviction of Crime."

**15.** Mil.R.Evid. 402 provides, *inter alia,* that "[e]vidence which is not relevant is not admissible."

have become obvious that the objection was groundless. Even if defense evidence had supported the objection, the government's rebuttal evidence may have persuaded the judge that the Article 15 was admissible. Here, however, in the face of a seemingly valid objection by the defense, the military judge did nothing to require either supporting or contradictory evidence. His hasty, arbitrary overruling of the defense's objection was clearly erroneous.

We must now consider the impact upon sentence of the erroneously admitted Article 15 punishment. The offense alleged on the Article 15 form was drunk and reckless driving resulting in personal injury to two other individuals. This driving incident occurred while appellant was pending court-martial for wrongful use of marijuana and an alleged assault in which the victim, the co-accused, and appellant were all highly intoxicated on alcohol. The drunk driving incident could thus be viewed by the court members as a recidivist offense showing that appellant had little or no rehabilitative potential for further military service. The staff judge advocate's post-trial recommendation to the convening authority included exactly this analysis of the drunk driving incident. Accordingly, it is our opinion that the prejudicial impact on sentencing of the erroneously admitted Article 15 cannot be questioned. We will reassess the sentence.

Finally, in dismissing the court members after sentence had been announced, the military judge expressed appreciation *on behalf of the convening authority* for the "diligent manner" in which the members had performed their duties. The military judge's purporting to speak for the convening authority undermines the concept and image of an independent judiciary. Such expressions of appreciation on behalf of the command which has just prosecuted an individual should be avoided by military judges.

## IV. *Conclusion*

The findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted above and the entire record, the court affirms only so much of the sentence as provides for confinement for ninety days.

Senior Judge COKER and Judge CARMICHAEL concur.