**UNITED STATES, Appellee,**

v.

**Private El James W. DAVIS, 265–49–5640, United States Army, Appellant.**

**ACMR 8800113.**

U.S. Army Court of Military Review.

6 Oct. 1988.

**544**

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Donald G. Curry, Jr., JAGC, Captain James E. O'Hare, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before FELDER, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Contrary to his pleas, the appellant was found guilty of rape of Ms. S, attempted consensual sodomy with her, and assault consummated by a battery upon Ms. K., in violation of Articles 120, 80, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 880, and 928 (1982), respectively. The military judge, sitting as a general court-martial, sentenced him to a dishonorable discharge, confinement for fourteen years, and total forfeiture of pay and allowances. The convening authority approved this sentence.

The appellant contends that the evidence failed to negate beyond a reasonable doubt the defense of mistake of fact. We disagree. After knocking on a locked door, the appellant was allowed entry to a kitchen by his friend Private E2 (PV2) Fuller. Before opening the door, PV2 Fuller was on the floor raping a young German woman, who incidentally was a stranger to both the appellant and PV2 Fuller. After entering the kitchen, the appellant helped PV2 Fuller force the victim, who had stood up, back to the floor. The victim kicked while the appellant held her shoulders and PV2 Fuller raped her again. After attempting to convince the victim to perform oral sodomy on the appellant, PV2 Fuller punched her in the stomach and the appellant applied pressure to her face. Private E2 Fuller ended the second rape when his girlfriend, who was also the lessee of the apartment, demanded entry to the apartment. When PV2 Fuller stood up to answer the door, the victim tried to put on her undergarments, but was unsuccessful because the appellant jumped on top of her and raped her.

Mistake of fact would be a defense if the appellant honestly and reasonably believed that the victim was consenting to sexual intercourse with him. See United States v. Taylor, 26 M.J. 127, 128 (C.M.A.1988); Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 916(j). The evidence of record establishes beyond a reasonable doubt that immediately after appellant entered the kitchen, PV2 Fuller with the assistance of the appellant forced the victim to the floor and engaged in sexual intercourse without her consent. Plainly, the appellant had seen enough to know that the victim would not consent to sexual intercourse with him, just as she refused to consent to sexual intercourse with PV2 Fuller. See United States v. Booker, 25 M.J. 114, 116 (C.M.A.1987) (even the most uninhibited people normally exercise some discretion before consenting to sexual intercourse).

Appellant also asserts that the military judge, albeit unintentionally, may have re-

lied on "facts heard" from the Fuller trial to convict him of rape. That case was heard by members, with this military judge presiding. To have so relied would have been plain error. Appellant's record of trial, however, contains overwhelming evidence of guilt, militating against any possibility that the military judge would have relied on what transpired at Fuller's trial.

 Nevertheless, was it error for the military judge not to have recused himself before or during the trial? Rule for Courts–Martial 902(a) provides that a military judge shall disqualify himself when his "impartiality might reasonably be questioned." If the military judge was exposed in the earlier trial of a co-accused to relevant information, he should use his sound discretion in determining whether he should sit in the later trial. *See United States v. Sherrod*, 26 M.J. 30, 33 (C.M.A. 1988). This standard builds on the long-held rule that exposure alone through related cases does not disqualify a military judge. *See United States v. Bradley*, 7 M.J. 332, 334 (C.M.A.1979). Accordingly, we will apply an abuse of discretion test where the judge was exposed to information about this case judicially, but is not otherwise disqualified. Here, we must apply the test to the case of an accused tried by the judge alone after he presided over the trial, with members, of a co-actor.

 We find that the military judge did not abuse his discretion; nothing contradicts the soundness of his exercise of judgment. Unlike the military judge presiding at trial in *United States v. Wiggers*, 25 M.J. 587, 593 (A.C.M.R.1987), this judge had not formed, from a prior trial, conclusions about the credibility of witnesses who would testify on issues in this case. Moreover, the appellant requested trial by judge alone knowing that the judge presided at the co-actor's trial. The appellant did not challenge the ability of the military judge to decide this case impartially and the military judge aired the matter on the record fully. Commendably, the defense counsel and the military judge agreed that should any matter possibly affecting his impartiality arise during the trial on the merits or

during sentencing proceedings, the military judge would indicate that to the parties then. The military judge's impartiality was never questioned nor does it appear that it should have been. We emphasize, however, that a judge must use special caution when he has heard a witness' testimony against a co-actor. *See United States v. Wiggers*, 25 M.J. at 593.

The findings of guilty and the sentence are affirmed.

Senior Judge FELDER and Judge GIUNTINI concur.