UNITED STATES, Appellee,

v.

Staff Sergeant Jeffery B. SUMMERSET, 403–02–3808, United States Army, Appellant.

ACMR 9200955.

U.S. Army Court of Military Review.

14 June 1993.

For Appellant: Raymond C. McRorie (argued), Mark L. Waple, Captain Thomas D. Wight, JAGC (on brief).

For Appellee: Captain David G. Tobin, JAGC (argued), Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Timothy W. Lucas, JAGC (on brief).

Before NAUGHTON, BAKER and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Senior Judge:

Contrary to his pleas, the appellant was convicted by a special court-martial composed of officer members of wrongful use of cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1988) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge and reduction to Private E1. The convening authority approved the sentence.

The appellant contends, *inter alia*, that the military judge erred when he denied, as untimely, the appellant's request for enlisted members on the court-martial panel which tried his case. Specifically, appellant asserts that his request for an enlisted panel, made four days before the commencement of trial, was timely and should have been approved by the military judge. The military judge's decision to deny the request for enlisted members is subject to review for abuse of discretion.[1] We hold that the military judge abused his discretion.

I

At an Article 39(a) session on 3 March 1992, the military judge explained the forum rights to the appellant and his counsel. The appellant chose to defer his choice of forum selection at that time as well as deferring on motions and his plea. During a telephonic conference on 5 March 1992, the parties agreed to a 20 April trial date. Although the military judge did not specify on the record a date by which appellant had to make the request, the military judge's published rules of court required that a request for an enlisted panel be made not later than five duty days before trial. Rules of Court for the Trial of Courts–Martial at Fort Bragg, North Carolina, Rule IX [hereinafter local rules].

Rule IX of the local rules provides in pertinent part:

> b. At the initial Article 39a session, or at a subsequent Article 39a session, the date by which an enlisted accused will be required to notify the trial counsel of his/her election to have enlisted court members will be set. The time for this notification will *normally* be the close of business on the fifth duty day prior to the commencement of trial on the merits. An enlisted accused who does not request enlisted court members within the time set by the military judge will have waived the right to submit such a request....

(Emphasis added).

The appellant, through his attorney, requested an enlisted panel on the morning of 14 April 1992.[2] This request was denied by the trial counsel on 15 April 1992. Trial reconvened on 20 April 1992. The military judge inquired if the appellant had made a

---

1. Our analysis is based on the military judge's treatment of this issue under the Manual for Courts–Martial, United States, 1984. Because the issue in this case can be resolved by testing for an abuse of discretion, we chose not to go as far as our brother judge has in finding that Article 25(c)(1), 10 U.S.C. § 825(c)(1) allows the military judge no discretion in denying a request for enlisted members made prior to assembly of the court.

2. We judicially note that 14 April 1992 was a Tuesday. We also note that "a request for enlisted members submitted by counsel on behalf of an accused does not satisfy the jurisdictional requirement that the accused 'personally' make the request." *United States v. Brookins*, 33 M.J. 793, 795 (A.C.M.R.1991). Moreover, because of the military judge's subsequent denial of the "request for enlisted members" made by the civilian defense counsel, there was never an opportunity for the appellant to be queried "on the record" of his personal desires as to forum.

forum choice. The following colloquy between the military judge, the civilian defense counsel, and the trial counsel then ensued:

CDC: Your Honor, the—Sergeant Summerset has elected to be tried by one-third—a court composed of one-third enlisted.

MJ: All right. Now, Captain Garcia, tell me if I'm wrong, but there aren't one-third enlisted, are there?

TC: No, Sir, there are not.

MJ: Would you explain why?

TC: Sir, under the Rules of Court, which you promulgated, the accused is required to make his request for a panel consisting of—including enlisted members not later than five duty days before trial. In this case, the request for enlisted members was made on the afternoon of the 4th duty day before trial. Notification of members was already under way. At that time, the government informed Mr. Waple that the—his request for enlisted members was denied. That notification was transmitted to his office by fax at 8 o'clock on the morning of the next duty day, the 15th of April.

MJ: Mr. Waple?

CDC: Your Honor, the decision to—the election was made in this case at the earliest possible date, considering all the facts available to the defense, considering all the witnesses that might be called, considering all the exigencies of defending the case. It was not until the 14th of April at 8:17—I believe at 8:17 in the morning the government was notified of this decision.

MJ: And the 14th of April at 8:17 in the morning is how many days before trial?

TC: Four duty days, Your Honor.

MJ: Mr. Waple, I believe I pointed out on the record when—and certainly Captain Agar [military defense counsel] knows what the Rules of Court are. I think the Manual's pretty clear the military judge can set a date by which the accused must request enlisted members or waive that request.

I've done that in my Rules of Court for all cases. My Rules of Court also state that, if there's any problem with any of the deadlines set in there, they should be brought to my attention; and, I'm perfectly willing to modify those deadlines, but that was not done in this case. So, based on my authority under the Manual for Courts–Martial and the Rules of Court I've stated, I think the accused waived his right to enlisted members....

In this case, both the trial counsel and the military judge suggest that the reason for the denial and waiver was based upon the untimely nature of the request. The appellant argues that any request for enlisted members submitted before the court is assembled is indeed timely, barring some unusual circumstances not present in this case. Furthermore, Court–Martial Convening Order Number 3, dated 3 January 1992, which appointed the court-martial panel that tried this case, contains a pre-selected court-martial panel with enlisted members to be used in the event an accused requested enlisted members.

## II

Article 25(c)(1), UCMJ, provides that, after an accused has personally requested orally on the record or in writing that enlisted members serve on his court-martial, the accused may not be tried by court-martial the membership of which does not include at least one-third enlisted members. Rule for Courts–Martial 903 [hereinafter R.C.M.] governs the accused's elections for the composition of his court-martial and provides in pertinent part:

(a) *Time of elections.*

(1) *Requests for enlisted members.* Before the end of the initial Article 39(a) session or, in the absence of such a session, before assembly, the military judge shall ascertain, as applicable, whether an enlisted accused elects to be tried by a court-martial including enlisted members. The military judge may, as a matter of discretion, permit the accused to defer requesting enlisted members until any

time before assembly, which time may be determined by the military judge.

. . . .

(e) *Untimely requests.* Failure to request, or failure to withdraw a request for enlisted members or trial by military judge alone in a timely manner shall waive the right to submit or to withdraw such a request. However, the military judge may until the beginning of the introduction of evidence on the merits, as a matter of discretion, approve an untimely request or withdrawal of a request.

R.C.M. 903(a)(1) and (e).

The discussion to R.C.M. 903(e) states:

In exercising discretion whether to approve an untimely request or withdrawal of a request, the military judge should balance the reason for the request (for example, whether it is a mere change of tactics or results from a substantial change of circumstances) against any expense, delay, or inconvenience which would result from granting the request.

■ In this case, the characterization of the request for enlisted members as "untimely" is apparently based solely upon the fact it was submitted four duty days before trial rather than five duty days before trial. The trial counsel presented no argument or reasons as to how the military judge's granting of the request for enlisted members might entail unnecessary expense, unacceptable delay or significant inconvenience, nor did the military judge seek such facts or information. Thus, no balancing occurred.[3]

■ In fact, the only reason stated by the trial counsel relating to these factors is to the effect that notification of members was already under way at the time he received the request for enlisted members on 14 April. Thus, it would appear the

only "inconvenience" the government would have encountered would be notification of those members previously selected. Here, we find that mere inconvenience in notification of members is not a legitimate consideration in determining timeliness of the exercise of this statutory right by an accused to request enlisted members on his court-martial. Indeed, telephone calls to the five pre-selected enlisted court members made on Tuesday, Wednesday, Thursday, or Friday of the week preceding the trial appears to be a *de minimis* inconvenience, if that, to the government and/or the enlisted members.

■ Finally, the local rules upon which both the trial counsel and military judge relied uses the term "normally" which indicates that the "Rule" is merely procedural in nature and not one upon which such an important right is to be forfeited by the mere passage of an arbitrarily selected five day period. Reasonableness is implicit in the application of this rule.

Almost two decades ago, Chief Judge Fletcher noted that:

No rule of procedure is any better than the mind of the judicial officer who will exercise discretion as to its application. A practice rule is not a military order to be obeyed without reason.

Justice and its components create a delicate balance between the rights of either the government or the accused and a need for justifying summary judicial action, in this case, proceeding to trial. Justice dictates that "rights" and "speed" are not in a state of equality; "now" must always fall before a relevant motion. Timeliness is relative only where it places one of the parties at a disadvantage; this was not the case here.

*United States v. Kelson,* 3 M.J. 139, 142 (C.M.A.1977) (Chief Judge Fletcher concur-

---

**3.** There is no requirement that a balancing test be performed on the record under the circumstances of this case. *But see United States v. Webster,* 24 M.J. 96 (C.M.A.1987), where the Court of Military Appeals stated:

[A] military judge who denies a request for trial by military judge alone must state his reasons on the record. Likewise, the discus-

sion of R.C.M. 903(c)(2)(B), Manual for Courts–Martial, United States, 1984, states that "[t]he basis for the denial of a request must be made a matter of record." Only through a statement of reasons can the exercise of the judge's discretion in denying the request be reviewed by appellate courts. (Citations omitted).

ring in result). More recently, this court observed that:

As the Court of Military Appeals made clear in *United States v. Williams*, 23 M.J. 362 (C.M.A.1987), "there are limits to what a judge may do by local requirements or rules of practice." *United States v. Webster*, 24 M.J. at 99 (C.M.A. 1987).

*United States v. Wiggers*, 25 M.J. 587, 594 (A.C.M.R.1987) (Footnote omitted).

Traditionally, a military accused, with the advice and assistance of counsel, personally determines who will be his counsel, the forum which will try his case, his plea, and whether to testify. Such determinations are fundamental. Under the circumstances of this case, we can find no inconvenience would have resulted, no additional expense would have been incurred, and no unnecessary delay would have been experienced in the convening of the court. Here, to treat this particular request for enlisted members as untimely and therefore waived, is to place form over substance. The military judge abused his discretion when he denied the request for enlisted members.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.[4]

Judge BAKER concurs.

JOHNSTON, Judge, concurring in the result:

The majority opinion erroneously reviews this case utilizing an abuse of discretion standard. On the facts of this case, the military judge did not have the discretion to deny the request.

At the initial Article 39(a) session in this case, the appellant was represented by an associate of the civilian counsel who would be defending him. At that session the military judge merely advised the appellant of his forum options without requesting a forum choice. The court then recessed on 3 March 1992 and reconvened on 20 April 1992 because lead civilian counsel was unavailable until that date.

When the court reconvened, the military judge asked the appellant's defense counsel, in pertinent part, "has the accused elected to be tried by a judge alone or made some other decision?"[1] The defense counsel responded that the appellant had decided to be tried by "a court composed of one-third enlisted." I agree with my brothers that this statement on the record was sufficient to be the appellant's personal request for enlisted members on his court-martial. The military judge denied the request, however, reasoning that it was untimely according to local court rules. In my opinion, the denial was plain error affecting a substantial right of the appellant.

Article 25(c)(1) provides in pertinent part that "[a]fter such a request [i.e., a request for enlisted members made prior to assembly], the accused may not be tried by a general or special court-martial the membership of which does not include enlisted members in a number comprising at least one-third of the total membership of the court...." As the Court of Military Appeals noted in *United States v. Stipe*, 23 U.S.C.M.A. 11, 48 C.M.R. 267 (1974) the military judge has no discretion where such a request is concerned.[2]

---

**4.** Our disposition of this case on the denial of the appellant's right to trial by a court-martial panel composed of at least one-third enlisted members makes it unnecessary to consider the other assigned error.

**1.** The military judge should have directed his question directly to the accused rather than to counsel. *See United States v. Brookins*, 33 M.J. 793, 795 (A.C.M.R.1991).

**2.** The abuse of discretion standard of review applies when the question is withdrawal of a request for military judge alone after the court is assembled. *See United States v. Jeanbaptiste*, 5 M.J. 374 (C.M.A.1978); *United States v. Wright*, 5 M.J. 106 (C.M.A.1978); *United States v. Bryant*, 23 U.S.C.M.A. 326, 49 C.M.R. 660 (1975).

It should be noted that, when the accused has made a request for enlisted members *before assembly of the court,* the provisions of R.C.M. 903(e) that purport to introduce the concepts of waiver and judicial discretion are contrary to the plain language of Article 25(c)(1). It cannot be debated that the President lacks the authority under Article 36(a) to prescribe rules for courts-martial that are contrary to the Uniform Code of Military Justice. Thus, those portions of R.C.M. 903(e) are void that abridge the rights of a military accused under Article 25(c)(1).